## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| _____ : | |
| FEDERAL INSURANCE COMPANY : | |
| 15 Mountain View Road : | |
| Warren, NJ  07061-1615 : | |
| : | Case No. 1:06CV00379 |
| and : | Judge Ellen Segal Huvelle |
| : | Next Event:  None Scheduled |
| HARTFORD CASUALTY INSURANCE : | |
| COMPANY : | |
| Hartford Plaza, 690 Asylum Avenue : | |
| Hartford, CT  06115 : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| LANDIS CONSTRUCTION CORPORATION : | |
| 6217 30th Street, NW : | |
| Washington, D.C.  20015 : | |
| : | |
| and : | |
| : | **JURY TRIAL DEMANDED** |
| WUERSTLIN APPLIANCE SERVICE : | |
| 12756 Skaggsville Road : | |
| Highland, MD 20777 : | |
| : | |
| and : | |
| : | |
| MR. PAUL SCUDERI : | |
| 25901 Woodfield Road : | |
| Damascus, MD  20872 : | |
| : | |
| Defendants. : | |
| _____ | |

## FIRST AMENDED COMPLAINT

Plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, as and for their claim for relief against the defendants herein state:

## THE PARTIES

1.      Plaintiff, Federal Insurance Company ("Federal"), is a corporation duly organized and existing under the laws of the State of Indiana, with a principal place of business located at 15 Mountain View Road, Warren, NJ 07061-1615.

2.      At all relevant times, Federal was and is authorized to issue policies of insurance and to conduct business in the District of Columbia.

3.      Plaintiff, Hartford Casualty Insurance Company ("Hartford") is a corporation duly organized and existing under the laws of the State of Connecticut, with a principal place of business located at Hartford Plaza, 690 Asylum Avenue, Hartford, CT 06115.

4.      At all relevant times, Hartford was and is authorized to issue policies of insurance and to conduct business in the District of Columbia.

5.      The defendant, Landis Construction Corporation ("Landis") is a corporation with a principal place of business located at 6217 30th Street NW, Washington, DC 20015.

6.      At all relevant times, Landis was engaged in the business of general contracting and specializing in providing renovation and construction services to residential customers.

7.      Defendant, Wuerstlin Appliance Service ("Wuerstlin") is a business entity with a principal place of business located at 12756 Skaggsville Road, Highland, MD 20777.

8.      At all relevant times, Wuerstlin was engaged in the business of providing, *inter alia*, repair and maintenance service for kitchen appliances to residential customers.

9.      Defendant, Paul Scuderi is an individual with a business address of 25901 Woodfield Road, Damascus, MD 20872.

10.      At all relevant times, Mr. Scuderi was engaged in the business of, *inter alia*, providing electrical contracting services to residential customers.

**JURISDICTION AND VENUE**

11.     Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332 and the individual plaintiff's claims that are in controversy, exclusive of interest and costs, exceed the sum of $75,000.

12.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that gave rise to this matter took place in this jurisdiction.

**FACTS**

13.     Plaintiffs, Federal and Hartford, provided property insurance coverage to Ms. Beverly Bernstein for her residence located at 3248 North Street, NW, Washington, DC 20007 (the "Subject Property").

14.     Pursuant to a Construction Contract dated May 12, 2003, defendant Landis agreed to perform work at the Subject Property for the purpose of renovating a residential kitchen.

15.     Pursuant to the Construction Contract between Landis and plaintiffs' insured, Landis agreed to install all necessary appliances in the Bernstein kitchen, to include a Bosch (Model SHY66C06) dishwasher.

16.     Defendant, Paul Scuderi, was retained for the purpose of providing the electrical connections and necessary electrical installation work for the Bosch dishwasher that was installed at the Subject Property.

17.     Defendant, Wuerstlin, performed a warranty service and repair call in August of 2004 on the Bosch dishwasher located at the Subject Premises.

18.     A fire occurred at the Subject Premises on May 9, 2005 causing extensive damage from smoke, fire and water to both the structure, as well as the personal property and furniture, at the Subject Premises (the "Subject Fire").

19.    At all relevant times, Federal provided property insurance coverage to the contents of the Subject Premises pursuant to Policy No. 10733275-01, with effective dates from May 14, 2004 through May 14, 2005 ("the Federal Policy").

20.    Beverly Bernstein duly made claim under the Federal Policy for damages that resulted from the Subject Fire, and upon compliance with any and all conditions precedent to such payment, Federal has made payments under the Federal Policy in the amount of $610,000.00 to date.  It is anticipated that additional payments will be made pursuant to the Federal Policy for additional damages incurred as a direct result of the Subject Fire.

21.    Under and pursuant to the terms of the Federal Policy, and in accordance with common law principals of equitable subrogation, and to the extent of the payments that Federal has made to Beverly Bernstein, Federal is duly subrogated to the respective rights, claims, and causes of action of Beverly Bernstein against the defendants as alleged herein.

22.    At all relevant times, Hartford provided property insurance coverage for the Subject Premises pursuant to Policy No. 42 SBA NG8357, with effective dates from May 26, 2004 through May 26, 2005. ("the Hartford Policy").

23.    Beverly Bernstein duly made claim under the Hartford Policy for damages that resulted from the Subject Fire, and upon compliance with any and all conditions, precedent to such payment, Hartford has made payments under the Hartford Policy in the amount of $616,416.02 to date.  It is anticipated that additional payments will be made pursuant to the Hartford Policy for additional damages incurred as a direct result of the Subject Fire.

24.    Under and pursuant to the terms of the Hartford Policy, and in accordance with common law principals of equitable subrogation, and to the extent of the payments that Hartford has made to Beverly Bernstein, Hartford is duly subrogated to the respective rights, claims, and causes of action of Beverly Bernstein against the defendants as alleged herein.

## COUNT ONE

## PLAINTIFFS v. LANDIS CONSTRUCTION CORPORATION

## NEGLIGENCE

25.　　Plaintiffs restate and reallege paragraphs 1 through 24, above.

26.　　The fire and property damage sustained by Federal and Hartford's insured was a direct and proximate result of the negligence, carelessness and/or negligent omissions and/or gross negligence of defendant, Landis acting by and through its agents, servants and/or employees acting within the scope and course of their employment, as follows:

    (a) failing to properly and adequately train its employees in the proper procedures to be followed while installing a residential dishwasher;

    (b) failing to properly install the dishwasher at the Subject Premises;

    (c) failing to use required electrical connections and components during the course of the installation of the dishwasher at the Subject Premises;

    (d) failing to properly inspect the electrical connections for the dishwasher that was installed at the Subject Premises;

    (e) failing to perform its duties in installing the dishwasher at the Subject Premises in a workmanlike manner;

    (f) failing to conduct its activities in accordance with local, state and/or national regulations and standards including but not limited to the National Electric Code;

    (g) failing to follow the instruction manual for installation of the Bosch dishwasher at the Subject Premises;

    (h) breaching its agreement with plaintiffs' insured to provide its services in a safe and businesslike manner; and

    (i) otherwise failing to use due care under the circumstances as may be disclosed during the course of discovery.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against the defendant, Landis Construction Corporation, in an amount in excess of $75,000, together with interest and the costs of this action.

## COUNT TWO

## PLAINTIFFS v. WUERSTLIN APPLIANCE SERVICE

27.    Plaintiffs restate and reallege paragraphs 1 through 26, above.

28.    The fire and property damage sustained by Federal and Hartford's insured was a direct and proximate result of the negligence, carelessness and/or negligent omissions and/or gross negligence of defendant, Wuerstlin, acting by and through its agents, servants and/or employees acting within the scope and course of their employment, as follows:

   (a)  failing to properly and adequately train its employees in the proper procedures to be followed while installing a residential dishwasher;

   (b)  failing to properly install the dishwasher at the Subject Premises;

   (c)  failing to use required electrical connections and components during the course of the installation of the dishwasher at the Subject Premises;

   (d)  failing to properly inspect the electrical connections for the dishwasher that was installed at the Subject Premises;

   (e)  failing to perform its duties in installing the dishwasher at the Subject Premises in a workmanlike manner;

   (f)  failing to conduct its activities in accordance with local, state and/or national regulations and standards including but not limited to the National Electric Code;

   (g)  failing to follow the instructions manual for installation of the Bosch dishwasher a the Subject Premises;

   (h)  breaching its agreement with plaintiffs' insured to provide its services in a safe and businesslike manner; and

   (i)  otherwise failing to use due care under the circumstances as may be disclosed during the course of discovery.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against defendant, Wuerstlin Appliance Service, in an amount in excess of $75,000, together with interest and the costs of this action.

## COUNT THREE

## PLAINTIFFS v.  PAUL SCUDERI

## NEGLIGENCE

29.    Plaintiffs restate and reallege paragraphs 1 through 28, above.

30.    The fire and property damage sustained by Federal's insured was a direct and proximate result of the negligence, carelessness and/or negligent omissions and/or gross negligence of defendant, Paul Scuderi, acting by and through its agents, servants and/or employees acting within the scope and course of their employment, as follows:

    (a) failing to property and adequately train its employees in the proper procedures to be followed while installing a residential dishwasher;

    (b) failing to properly install the dishwasher at the Subject Premises;

    (c) failing to use required electrical connections and components during the course of the installation of the dishwasher at the Subject Premises;

    (d) failing to properly inspect the electrical connections for the dishwasher that was installed at the Subject Premises;

    (e) failing to perform its duties in installing the dishwasher at the Subject Premises in a workmanlike manner;

    (f) failing to conduct its activities in accordance with local, state and/or national regulations and standards including but not limited to the National Electric Code;

    (g) failing to follow the instructions manual for installation of the Bosch dishwasher a the Subject Premises;

    (h) breaching its agreement with plaintiffs' insured to provide its services in a safe and businesslike manner; and

    (i) otherwise failing to use due care under the circumstances as may be disclosed during the course of discovery.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against defendant, Paul Scuderi, in an amount in excess of $75,000, together with interest and the costs of this action.

## COUNT FOUR

## BREACH OF WARRANTY

## PLAINTIFFS v. LANDIS CONSTRUCTION CORPORATION

31.     Plaintiffs restate and reallege paragraphs 1 through 30, above, as though fully set forth at length herein.

32.     By and through its conduct, defendant, Landis assumed certain obligations and extended certain warranties including, but not limited to, an implied warranty that its provision of construction services would be performed in a professional safe manner and that its services would be provided in a manner consistent with the standards of the construction industry.

33.     As set forth above, defendant, Landis, breached its obligations and warranties and, as a result thereof, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against defendant, Landis Construction Corporation, in an amount in excess of $75,000, together with interest and the costs of this action.

## COUNT FIVE

## BREACH OF WARRANTY

## PLAINTIFFS v. WUERSTLIN APPLIANCE SERVICE

34.     Plaintiffs restate and reallege paragraphs 1 through 33, above, as though fully set forth at length herein.

35.     By and through its conduct, defendant, Wuerstlin assumed certain obligations and extended certain warranties including, but not limited to, an implied warranty that its provision of appliance, repair, and maintenance services would be performed in a professional safe manner and that its services would be provided in a manner consistent with the standards of the appliance, repair, and maintenance industry.

36.     As set forth above, defendant, Wuerstlin, breached its obligations and warranties and, as a result thereof, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against defendant, Wuerstlin Appliance Service, in an amount in excess of $75,000, together with interest and the costs of this action.

**COUNT SIX**

**BREACH OF WARRANTY**

**PLAINTIFFS v. PAUL SCUDERI**

37.    Plaintiffs restate and reallege paragraphs 1 through 36, above, as though fully set forth at length herein.

38.    By and through its conduct, defendant, Scuderi assumed certain obligations and extended certain warranties including, but not limited to, an implied warranty that its provision of construction services would be performed in a professional safe manner and that its services would be provided in a manner consistent with the standards of the construction industry.

39.    As set forth above, defendant, Scuderi, breached its obligations and warranties and, as a result thereof, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company, each demand judgment against defendant, Paul Scuderi, in an amount in excess of $75,000, together with interest and the costs of this action.

**COUNT SEVEN**

**BREACH OF CONTRACT**

**PLAINTIFFS v. LANDIS CONSTRUCTION CORPORATION**

40.     Plaintiffs restate and reallege paragraphs 1 through 39 above, as though set forth at length herein.

41.     Pursuant to its agreement with plaintiffs' insured, defendant, Landis, was obligated by contract to perform its work in a professional and safe manner, consistent with the standards of the construction industry.

42.     As set forth above, defendant, Landis, breached its obligation and contract with plaintiffs' insured and, as a result, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company each demand judgment against defendant, Landis Construction Corporation, in an amount in excess of $75,000, together with attorney's fees, interest, and costs of this action.

**COUNT EIGHT**

**BREACH OF CONTRACT**

**PLAINTIFFS v. WUERSTLIN APPLIANCE SERVICE**

43.     Plaintiffs restate and reallege paragraphs 1 through 42 above, as though set forth at length herein.

44.     Pursuant to its agreement with plaintiffs' insured, defendant, Wuerstlin, was obligated by contract to perform its work in a professional and safe manner, consistent with the standards of the construction industry.

45.     As set forth above, defendant, Wuerstlin, breached its obligation and contract with plaintiffs' insured and, as a result, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company each demand judgment against the defendants in an amount in excess of $75,000, together with interest, attorney's fees, and costs of this action.

### COUNT NINE

### BREACH OF CONTRACT

### PLAINTIFFS v. PAUL SCUDERI

46.     Plaintiffs restate and reallege paragraphs 1 through 45 above, as though set forth at length herein.

47.     Pursuant to its agreement with plaintiffs' insured, defendant, Scuderi, was obligated by contract to perform its work in a professional and safe manner, consistent with the standards of the construction industry.

48.     As set forth above, defendant, Scuderi, breached its obligation and contract with plaintiffs' insured and, as a result, the Subject Fire occurred.

WHEREFORE, plaintiffs, Federal Insurance Company and Hartford Casualty Insurance Company each demand judgment against defendant, Paul Scuderi in an amount in excess of $75,000, together with attorney's fees, interest, and costs of this action.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

Date:  3/6/06                    By:     **/s/**_____
                                         Eric N. Stravitz  (D.C. Bar #438093)
                                         2000 Massachusetts Avenue
                                         Suite 200
                                         Washington, DC 20036
                                         (202) 463-0303
                                         (202) 861-8858 Fax
                                         strav@erols.com

                                         Counsel for Plaintiffs,

Federal Insurance Company and
Hartford Casualty Insurance Company

OF COUNSEL:

COZEN O'CONNOR
MARK E. UTKE
1900 Market Street
Philadelphia, PA  19103
215-665-2164

Attorney for Plaintiff, Federal Insurance Company

WHITE AND WILLIAMS
BRIAN E. TETRO
1800 One Liberty Place
Philadelphia, PA  19103
215-864-7000

Attorney for Plaintiff, Hartford Casualty Insurance Company

## JURY DEMAND

Plaintiffs hereby request a jury trial.

/s/
Eric N. Stravitz  (D.C. Bar #438093)