**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br>15 Mountain View Road<br>Warron, NJ 07061-1615<br><br>    and<br><br>HARTFORD CASUALTY INSURANCE<br>COMPANY<br>Hartford Plaza<br>690 Asylum Avenue<br>Hartford, CT 06115<br><br>    Plaintiffs,<br><br>    v.<br><br>LANDIS CONSTRUCTION<br>CORPORATION<br>6217 30th Street, NW<br>Washington, D.C. 20015<br><br>    and<br><br>WUERSTLIN APPLIANCE SERVICE<br>12756 Skaggsville Road<br>Highland, MD 20777<br><br>    and<br><br>MR. PAUL SCHUERE<br>25901 Woodfield Road<br>Damascus, MD 20872 | Case No. <u>1:06CV00379</u><br>Honorable Ellen Segal Huvelle |

**ANSWER OF DEFENDANT LANDIS CONSTRUCTION CORPORATION**

Now comes the Defendant Landis Construction Corporation by their attorneys, Budow and Noble, P.C., Allan A. Noble, and Michael J. Budow, and for their Answer to the Plaintiff's Complaint states as follows:

## FIRST DEFENSE

That the Plaintiff's Complaint fails to state any claims upon which relief may be granted.

## SECOND DEFENSE

Answering the specific allegations contained in the Complaint by corresponding paragraph number, this Defendant states:

1. - 4.   That this Defendant is without knowledge as to the allegations contained in paragraphs 1 through 4 and therefore denies same and demands strict proof thereof.

5.   Admitted.

6.   Admitted.

7. - 10.   That this Defendant is without knowledge as to the allegations contained in paragraphs 7 through 10 and therefore denies same and demands strict proof thereof.

11. - 12.   That this Defendant is not required to answer the jurisdictional and/or venue allegations contained in paragraphs 11 through 12.

13.   That this Defendant is without knowledge as to the allegations contained in paragraph 13 and therefore denies same and demands strict proof thereof.

14.   The allegations contained in paragraph 14 are admitted, with the exception that this Defendant did not contract to do any electrical work and did not perform any electrical work.

15.   It is admitted that this Defendant agreed to install certain appliances, but that this Defendant's sole function concerning the Bosch dishwasher was to uncrate it,

2

place it under the counter and hook up the plumbing.  This Defendant did not hook up any electrical connections on the dishwasher.

      16.     Admitted.  Further answering, Defendant Paul Schuere was an independent electrical contractor who made all contractual arrangements with Plaintiff and not through this Defendant.

      17.     That this Defendant is without knowledge as to the allegations contained in paragraph 17 and therefore denies same and demands strict proof thereof.

      18.     It is admitted that a fire occurred at the premises, but this Defendant is without knowledge as to the details thereof and therefore, denies same and demands strict proof thereof.

      19. - 24.  That this Defendant is without knowledge as to the allegations contained in paragraphs 19 through 24 and therefore, denies same and demands strict proof thereof.

      25.     That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 24 as appropriate.

      26.     Denied.

      27.     That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 26 as appropriate.

      28.     That this Defendant is not required to answer the allegations contained in paragraph 28.

      29.     That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 28 as appropriate.

      30.     That this Defendant is not required to answer the allegations contained

in paragraph 30.

31. That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 30 as appropriate.

32. That this Defendant admits that it agreed to perform certain construction services in a professional and safe manner and consistent with the standards of the construction industry, but denies the remaining allegations contained in this paragraph.

33. Denied.

34. That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 33 as appropriate.

35. - 36. That this Defendant is not required to answer the allegations contained in paragraphs 35 and 36.

37. That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 36 as appropriate.

38. - 39. That this Defendant is not required to answer the allegations contained in paragraphs 38 and 39.

40. That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 39 as appropriate.

41. That this Defendant admits the allegations contained in paragraph 41.

42. Denied.

43. That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 42 as appropriate.

44. - 45. That this Defendant is not required to answer the allegations contained in paragraphs 44 and 45.

46.     That this Defendant adopts and incorporates by reference its answers to paragraphs 1 through 45 as appropriate.

47. - 48.  That this Defendant is not required to answer the allegations contained in paragraphs 47 and 48.

### THIRD DEFENSE

That the Plaintiffs or its insureds are guilty of contributory negligence.

### FOURTH DEFENSE

That the Plaintiffs or its insureds assumed the risk of any injuries.

### FIFTH DEFENSE

That any allegations not specifically admitted in this answer are hereby denied.

### SIXTH DEFENSE

That any damages sustained by the Plaintiffs or the Plaintiffs' insureds were through the actions of others over which this Defendant had no control.

### SEVENTH DEFENSE

That the Plaintiff or its insureds were in breach of contract and/or the conditions of any contract with this Defendant.

WHEREFORE, having fully answered the allegations of the Complaint, this Defendant prays that the Plaintiffs' Complaint be dismissed with costs to the Plaintiffs.

**BUDOW AND NOBLE, P.C.**


_/s/_____
Allan A. Noble, 166926


_/s/_____
Michael J. Budow, 206045
7201 Wisconsin Avenue
Suite 600
Bethesda, Maryland 20814
(301) 654-0896

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the foregoing Defendant Landis Construction Company's Answer to Complaint was electronically filed this 27th day of March, 2006, and mailed by United States mail, postage prepaid to the following:

Eric N. Stravitz
Mesirow & Stravitz, PLLC
2000 Massachusettes Avenue, Suite 200
Washington, D.C. 20036
*Counsel for Plaintiffs Federal Insurance Company* and *Hartford Casualty Insurance Company*

Wuerstlin Appliance Service
12756 Skaggsville Road
Highland, Maryland 20777
*Defendant, Pro Se*

Paul Schuere
25901 Woodfield Road
Damascus, Maryland 20872
*Defendant, Pro Se*


_/s/_____
Allan A. Noble