IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

FEDERAL INSURANCE COMPANY :
15 Mountain View Road :
Warren, NJ 07061-1615 :
 :
    and :
 :
HARTFORD CASUALTY INSURANCE :
COMPANY :
Hartford Plaza, 690 Asylum Avenue :
Hartford, CT 06115 :
 :
        Plaintiffs :
 :
    v. : Case No. 1:06CV00379
 : Judge Ellen Segal Huvelle
LANDIS CONSTRUCTION : Next Event: Initial Scheduling Conference
CORPORATION : 6/6/06
6217 30th Street, NW :
Washington, DC 20015 :
 :
    and :
 :
WUERSTLIN APPLIANCE SERVICE :
12756 Skaggsville Road :
Highland, MD 20777 :
 :
    and :
 :
MR. PAUL SCUDERI :
25901 Woodfield Road :
Damascus, MD 20872 :
 :
        Defendants :

**DEFENDANT PAUL SCUDERI'S**
**ANSWER TO THE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Paul Scuderi ("Defendant"), by and through counsel Anderson & Quinn, and pursuant to the Federal Rules of Civil Procedure, hereby propounds an Answer to the Plaintiffs' First Amended Complaint ("Complaint"), and in support thereof, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant generally denies liability as to the subject matter of the Complaint.

1

### THIRD DEFENSE

Defendant denies all allegations of negligence and/or vicarious liability.

### FOURTH DEFENSE

Defendant avers the sole and/or contributory negligence of Plaintiff or its insured as a bar to the claims asserted in the Complaint.

### FIFTH DEFENSE

Defendant avers the assumption of risk by Plaintiffs or its insureds as a bar to the claims asserted in the Complaint.

### SIXTH DEFENSE

Defendant avers that the claims alleged in Plaintiffs' Complaint are barred due to the negligence and/or affirmative conduct of others for whom in law this Defendant is not responsible.

### SEVENTH DEFENSE

Defendant denies the nature and extent of Plaintiffs' or its insureds' alleged injuries and damages or, in the alternative, demands strict proof thereof.

### EIGHTH DEFENSE

Defendant avers the Complaint is barred by the applicable statute of limitations.

### NINTH DEFENSE

Defendant avers the Complaint is barred by accord and satisfaction.

### TENTH DEFENSE

Defendant denies the execution of any written instrument, and demands strict proof thereof.

### ELEVENTH DEFENSE

Defendant avers the Complaint is barred by laches.

### TWELFTH DEFENSE

Defendant avers the Complaint is barred by waiver.

### THIRTEENTH DEFENSE

Defendant avers the Complaint is barred by estoppel.

### FOURTEENTH DEFENSE

Defendant avers the Complaint is barred by failure of consideration.

### FIFTEENTH DEFENSE

Defendant avers the Complaint is barred by fraud.

### SIXTEENTH DEFENSE

Defendant avers the Complaint is barred by illegality.

### SEVENTEENTH DEFENSE

Defendant avers the Complaint is barred by res judicata.

### EIGHTEENTH DEFENSE

Defendant denies the authority and capacity of the Plaintiffs or its insureds to sue, and denies the capacity of this Defendant to be sued by the Plaintiffs or its insureds.

### NINETEENTH DEFENSE

Defendant avers the Complaint is barred by collateral estoppel.

### TWENTIETH DEFENSE

Answering the specific allegation contained in the First Amended Complaint by corresponding paragraphs this Defendant states as follows:

1-8. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

9. Admitted.

10. This Defendant admits that he conducts electrical contracting services to residential customers, but denies that he provided such services in an individual capacity, rather, these services are provided through Paul A. Scuderi, Inc.

11-12. This Defendant is not required to answer these averments.

13-15. Defendant is without knowledge or information sufficient to form a

belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

       16.       Defendant denies that he was individually retained for "providing the electrical connections and necessary electrical installation work for the Bosch dishwasher that was installed at the Subject Property" and asserts that his corporation, Paul A. Scuderi, Inc.'s scope of work only included preparing the wiring from the house current for the dishwasher, but the dishwasher was connected and installed by others over whom this Defendant had no control, nor right of control.

       17-24.       Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

       25.       Defendant restates, incorporates and adopts its answers to paragraphs 1-24.

       26.       Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore denies same and demands strict proof thereof.

       27.       Defendant restates, incorporates and adopts its answers to paragraphs 1-26.

       28.       Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore denies same and demands strict proof thereof.

       29.       Defendant restates, incorporates and adopts its answers to paragraphs 1-28.

       30.       Denied.

       31.       Defendant restates, incorporates and adopts its answers to paragraphs 1-30.

       32-33.       Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

34. Defendant restates, incorporates and adopts its answers to paragraphs 1-33.

35-36. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

37. Defendant restates, incorporates and deducts its answers to paragraphs 1-36.

38. Denied.

39. Denied.

40. Defendant restates, incorporates and adopts its answers to paragraphs 1-39.

41-42. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

43. Defendant restates, incorporates and adopts its answers to paragraphs 1-42.

44-45. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and therefore denies same and demands strict proof thereof.

46. Defendant restates, incorporates and adopts its answers to paragraphs 1-45.

47. Denied.

48. Denied.

### TWENTY-FIRST DEFENSE

Defendant reserves the right to amend and/or supplement its Answer after the conclusion of discovery

**WHEREFORE**, the foregoing considered, Defendant Paul Scuderi respectfully requests

that the Complaint be dismissed with prejudice, with costs, attorneys' fees and interest as provided by law assessed against the Plaintiffs and that this Defendant be granted such further and additional relief as this Honorable Court deems just and appropriate.

                              Respectfully submitted,

                              ANDERSON & QUINN, LLC

                                /s/ Alice Kelley Scanlon
                              Alice Kelley Scanlon #437106
                              John A. Rego # 422378
                              25 Wood Lane
                              Rockville, Maryland 20850
                              (301) 762-3303
                              Counsel for Defendant Paul Scuderi

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 9th day of May, 2006 a copy of the foregoing was served via electronic filing upon:

    Eric N. Stravitz, Esquire
    2000 Massachusetts Avenue
    Suite 200
    Washington, DC 20036
    *Counsel for Plaintiffs*

    Allan A. Noble, Esquire
    Michael J. Budow, Esquire
    Budow & Noble, PC
    Suite 500 West, Air Rights Building
    7315 Wisconsin Avenue
    Suite 600
    Bethesda, MD 20814
    *Counsel for Landis Construction Company*

    Edward J. Brown, Esquire
    McCarthy Wilson, LLP
    100 South Washington Street
    Rockville, MD 20850
    *Counsel for Wuerstlin Appliance Service*

                                /s/ Alice Kelley Scanlon
                              Alice Kelley Scanlon