**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY | : |
| and | : |
| HARTFORD CASUALTY INSURANCE COMPANY | : |
| Plaintiffs | : |
| v. | : Case No. 1:06CV00379 |
| | : Judge Ellen Segal Huvelle |
| LANDIS CONSTRUCTION CORPORATION | : Next Event: Initial Scheduling Conference 6/6/06 |
| and | : |
| WUERSTLIN APPLIANCE SERVICE | : |
| and | : |
| MR. PAUL SCUDERI | : |
| Defendants | : |

**ANSWER TO CROSS-CLAIM OF DEFENDANT
LANDIS CONSTRUCTION CORPORATION**

Defendant Paul Scuderi ("Defendant"), by and through counsel Anderson & Quinn, LLC, and pursuant to the Federal Rules of Civil Procedure, hereby propound an Answer to the Cross-Claim of Landis Construction Corporation ("Cross-Claim"), and in support thereof, states as follows:

**FIRST DEFENSE**

The Cross-Claim fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant generally denies liability as to the subject matter of the Cross-Claim.

**THIRD DEFENSE**

Defendant denies all allegations of negligence and/or vicarious liability.

**FOURTH DEFENSE**

Defendant avers the sole and/or contributory negligence of Cross-Plaintiffs as a bar to the claims asserted in the Cross-Claim.

1

**FIFTH DEFENSE**

Defendant avers the assumption of risk by Co-Defendant as a bar to the claims asserted in the Cross-Claim.

**SIXTH DEFENSE**

Defendant avers that the claims alleged in Co-Defendant's Cross-Claim are barred due to the negligence and/or affirmative conduct of others for whom in law this Defendant is not responsible.

**SEVENTH DEFENSE**

Defendant denies the nature and extent of Plaintiffs and Cross-Plaintiff's alleged injuries and damages or, in the alternative, demands strict proof thereof.

**EIGHTH DEFENSE**

Defendant avers the Cross-Claim is barred by the applicable statute of limitations.

**NINTH DEFENSE**

Defendant avers the Cross-Claim is barred by accord and satisfaction.

**TENTH DEFENSE**

Defendant denies the execution of any written instrument, and demands strict proof thereof.

**ELEVENTH DEFENSE**

Defendant avers the Cross-Claim is barred by laches.

**TWELFTH DEFENSE**

Defendant avers the Cross-Claim is barred by waiver.

**THIRTEENTH DEFENSE**

Defendant avers the Cross-Claim is barred by estoppel.

**FOURTEENTH DEFENSE**

Defendant avers the Cross-Claim is barred by failure of consideration.

**FIFTEENTH DEFENSE**

Defendant avers the Cross-Claim is barred by fraud.

### SIXTEENTH DEFENSE

Defendant avers the Cross-Claim is barred by illegality.

### SEVENTEENTH DEFENSE

Defendant avers the Cross-Claim is barred by res judicata.

### EIGHTEENTH DEFENSE

Defendant avers the Cross-Claim is barred by privilege.

### NINETEENTH DEFENSE

Defendant denies the authority and capacity of the Cross-Plaintiff to sue, and deny the capacity of this Defendant to be sued by the Cross-Plaintiff.

### TWENTIETH DEFENSE

Defendant avers the Cross-Claim is barred by collateral estoppel.

### TWENTY-FIRST DEFENSE

Defendant reserves the right to amend it's Answer to the Cross-Claim after the conclusion of discovery.

### TWENTY-SECOND DEFENSE

Answering the specific allegations contained in the Cross-Claim this Defendant states as follows:

1. Admitted .

2. Admitted that the Plaintiff has made such allegations, but denies those allegations related to this Defendant.

3. Denied as to Defendant Paul Scuderi.

4. This Defendant incorporates and adopts by reference its answers to allegations in paragraphs 1-3.

5. Denied as to Defendant Paul Scuderi.

6. This Defendant incorporates and adopts by reference answers to allegations in paragraphs 1-5.

7. Denied as to Defendant Paul Scuderi.

8. Denied as to Defendant Paul Scuderi.

9. Denied as to Defendant Paul Scuderi.

**WHEREFORE**, the foregoing considered, Defendant Paul Scuderi respectfully request that the Cross-Claim be dismissed with prejudice, with costs, attorneys' fees and interest as provided by law assessed against the Cross-Plaintiffs and that this Defendant be granted such further and additional relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

ANDERSON & QUINN, LLC

  /s/ Alice Kelley Scanlon
Alice Kelley Scanlon #437106
John A. Rego #422378
25 Wood Lane
Rockville, Maryland 20850
(301) 762-3303
Counsel for Paul Scuderi

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2006 a copy of the foregoing was served via electronic filing and first-class mail, postage prepaid upon:

Eric N. Stravitz, Esquire
2000    Massachusetts Avenue
Suite 200
Washington, DC 20036
*Counsel for Plaintiffs*

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, MD 20850
*Counsel for Wuerstlin Appliance Service*

Allan A. Noble, Esquire
Michael J. Budow, Esquire
Budow & Noble, PC
Suite 500 West, Air Rights Building
7315 Wisconsin Avenue
Suite 600
Bethesda, MD 20814
*Counsel for Landis Construction Company*

4

                                          ___/s/ Alice Kelley Scanlon__
                                          Alice Kelley Scanlon