IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY : | |
| and : | |
| HARTFORD CASUALTY INSURANCE : | |
| Plaintiffs : | |
| vs. : | Case No. 1:06CV00379 ESH |
| : | Honorable Ellen Segal Huvelle |
| LANDIS CONSTRUCTION CORPORATION : | Next Event: Initial Scheduling Conference: 6/6/06 |
| and : | |
| WUERSTLIN APPLIANCE SERVICE : | |
| and : | |
| MR. PAUL SCUDERI : | |
| Defendants : | |
| WUERSTLIN APPLIANCE SERVICE : | |
| Cross-Plaintiff : | |
| v. : | |
| LANDIS CONSTRUCTION CORPORATION : | |
| and : | |
| MR. PAUL SCUDERI : | |
| Cross-Defendants : | |

**CROSS-CLAIM OF DEFENDANT/CROSS-PLAINTIFF
WUERSTLIN APPLIANCE SERVICE
AGAINST DEFENDANTS/CROSS-DEFENDANTS
LANDIS CONSTRUCTION CORPORATION AND MR. PAUL SCUDERI**

COMES NOW Defendant/Cross-Plaintiff, Wuerstlin Appliance Service, by their attorneys McCarthy Wilson LLP and Edward J. Brown, and file this Cross-Claim against the Defendants/Cross-Defendants Landis Construction Corporation and Paul Scuderi, and states as follows:

1. That Plaintiffs Federal Insurance Company and Hartford Insurance filed an Amended Complaint, which included, *inter alia*, allegations against Wuerstlin Appliance Service for damages arising out of a fire loss which occurred on May 9, 2005 at 3248 North Street, N.W., Washington, D.C. 20007.

2. That the Plaintiffs have made claims against the Defendant/Cross Plaintiff based on theories of negligence, breach of warranty, and breach of contract.

3. That Defendant/Cross-Plaintiff expressly denies any liability to the Plaintiffs.

4. That, although Defendant/Cross-Plaintiff denies liability for any of the claims asserted by the Plaintiffs, Defendant/Cross-Plaintiff asserts that any damages or losses alleged by the Plaintiffs against Defendant/Cross-Plaintiff were a direct and proximate result of the alleged acts and/or omissions of the Defendants/Cross-Defendants Landis Construction Corporation and Paul Scuderi.

## COUNT I
## (INDEMNITY – LANDIS CONSTRUCTION CORPORATION)

5. The Defendant/Cross-Plaintiff incorporates herein by reference all of the preceding paragraphs.

6. That the Plaintiffs' Amended Complaint alleges that Defendant/Cross Defendant Landis Construction Company failed to properly install and/or connect a dishwasher at the subject premises.

7. That if the dishwasher at the subject premises was improperly installed and/or connected (which is expressly denied), then Defendant/Cross-Defendant Landis Construction Company is solely responsible for all damages suffered by the Plaintiffs as a result thereof.

8. That in the event that the Plaintiffs obtain a judgment against Defendant/Cross-Plaintiff Wuerstlin Appliance Service (which liability is expressly denied), Defendant/Cross-Plaintiff claims that it is entitled to indemnification for the amount of any such judgment from the Defendants/Cross-Defendants, as the alleged acts of Defendant/Cross-Plaintiff (for which are expressly denied) were passive and secondary only, and that the alleged acts and/or omissions of the Defendants/Cross-Defendant was the active, primary, intervening and/or superseding.

WHEREFORE, the Defendant/Cross-Plaintiff Wuerstlin Appliance Service demands judgment for indemnification of any and all sums that may be adjudged against them in favor of the Plaintiffs Federal Insurance Company and Hartford Casualty

Insurance from Defendant/Cross-Defendant Landis Construction Corporation, plus interest, costs, and attorneys' fees.

## COUNT II
### (CONTRIBUTION – LANDIS CONSTRUCTION COMPANY)

9. The Defendant/Cross-Plaintiff incorporates herein by reference all of the preceding paragraphs.

10. That if the Defendant/Cross-Plaintiff and Defendant/Cross-Defendant are jointly liable to the Plaintiffs for damages alleged in the Plaintiffs' Amended Complaint (for which liability is expressly denied) then Defendants/Cross-Defendants Landis Construction Corporation, are jointly and severally liable for such damages and Defendant/Cross-Plaintiff is entitled to full or partial contribution from the Cross-Defendant for contributive share of any sum that may be adjudged due and owing.

WHEREFORE, Defendant/Cross-Plaintiff Wuerstlin Appliance Service claims contribution from Defendant/Cross-Defendant Landis Construction Corporation for a contributive share of any sum which may be adjudged, due and owing to the Plaintiffs, plus interest, costs and attorneys' fees.

## COUNT III
### (INDEMNITY-PAUL SCUDERI)

11. The Defendant/Cross-Plaintiff incorporates herein by reference all of the preceding paragraphs.

12. That the Plaintiffs' Amended Complaint alleges that Defendant/Cross Defendant Paul Scuderi failed to properly install and/or connect a dishwasher at the subject premises.

13. That if the dishwasher at the subject premises was improperly installed and/or connected (for which is expressly denied), then Defendant/Cross-Defendant Paul Scuderi is solely responsible for all damages suffered by the Plaintiffs as a result thereof.

14. That in the event that the Plaintiffs obtain a judgment against Defendant/Cross-Plaintiff Wuerstlin Appliance Service (which liability is expressly denied), Defendant/Cross-Plaintiff claims that it is entitled to indemnification for the amount of any such judgment from the Defendants/Cross-Defendants, as the alleged acts of the Defendant/Cross-Plaintiff (which are expressly denied) were passive and secondary only, and that the alleged acts and/or omissions of the Defendant/Cross-Defendant were the active, primary, intervening and/or superseding.

WHEREFORE, Defendant/Cross-Plaintiff Wuerstlin Appliance Service demands judgment for indemnification of any and all sums that may be adjudged against them in favor of the Plaintiffs Insurance Company and Hartford Casualty Insurance from the Defendant/Cross-Defendant Paul Scuderi, plus interest, costs, and attorneys' fees.

### COUNT IV
### (CONTRIBUTION – PAUL SCUDERI)

15. The Defendant/Cross-Plaintiff incorporates herein by reference all of the preceding paragraphs.

16. That if Defendant/Cross-Plaintiff and Defendant/Cross-Defendant Paul Scuderi, are jointly liable to the Plaintiffs for the damages alleged in the Plaintiffs' Amended Complaint (for which liability is expressly denied), then Defendant/Cross-Defendant Paul Scuderi is jointly and severally liable for such damages Defendant/Cross-Plaintiff is entitled to full or partial contribution from the Defendant/Cross-Defendant for a contributive share of any sum which may be adjudged due and owing.

WHEREFORE, Defendant/Cross-Plaintiff Wuerstlin Appliance Service claims contribution from the Defendant/Cross-Defendant Paul Scuderi for a contributive share of any sum which may be adjudged due and owing to the Plaintiffs, plus interest, costs, and attorneys' fees.

Respectfully submitted,

McCarthy Wilson LLP

_____/s/_____
Edward J. Brown
DC Bar #414365
100 S. Washington Street
Rockville, Maryland 20850
(301) 762-7770
*Counsel for Defendant/Cross-Plaintiff Wuerstlin Appliance Service*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing CROSS-CLAIM OF DEFENDANT/CROSS-PLAINTIFF WUERSTLIN APPLIANCE SERVICE AGAINST DEFENDANTS/CROSS-DEFENDANTS was mailed first-class, postage prepaid, this ___ day of May, 2006, as well as <u>electronically filed</u>, to:

Eric N. Stravitz, Esquire
MESIROW & STRAVITZ, PLLC
2000 Massachusetts Avenue
Suite 200
Washington, D.C. 20036

Mark E. Utke, Esquire
Cozen O'Connor, Esquire
1900 Market Street
Philadelphia, PA 19103

Brian E. Tetro, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA 19103

Allan A. Noble, Esquire
Michael J. Budow, Esquire
Budow and Noble, P.C.
7201 Wisconsin Avenue
Suite 600
Bethesda, Maryland 20814

Alice Kelley Scanlon, Esquire
25 Wood Lane
Rockville, Maryland 20850

                              /s/
                              Edward J. Brown