**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | | |
|---|---|---|
| _____ | : | |
| FEDERAL INSURANCE COMPANY, et al. | : | Case No. 1:06CV00379. |
| | : | Judge Ellen Segal Huvelle |
| Plaintiffs, | : | Next Event: Case Management |
| | : | Conference on |
| v. | : | June 6, 2006 |
| | : | |
| LANDIS CONSTRUCTION CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**JOINT STATEMENT OF PARTIES**
**PURSUANT TO LOCAL RULE 16.3**

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a), a discovery planning meeting was held on May 16, 2006.

The participants from this case were:

| | |
|---|---|
| Mark E. Utke | Brian E. Tetro, Esquire |
| COZEN O'CONNOR | White and Williams LLP |
| 1900 Market Street | 1800 One Liberty Place |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| 215-665-2164 | 215-864-7070 |
| Counsel for Plaintiff Federal Insurance Co. | Counsel for Hartford Insurance Co. |
| | |
| Allan A. Noble, Esquire | John A. Rego, Esquire |
| BUDOW AND NOBLE, P.C. | ANDERSON & QUINN, LLC. |
| 7315 Wisconsin Avenue | 25 Wood Lane |
| Suite 500 West, Air Rights Building | Rockville, MD 20850 |
| Bethesda, MD 20814 | 301-762-3303 |
| 301-654-0896 | Counsel for Paul Scuderi, Inc. |
| Counsel for Landis Construction Co. | |
| | Edward J. Brown, Esquire |
| | MCCARTHY WILSON, LLP |
| | 100 S. Washington Street |
| | Rockville, MD 20850 |
| | 301-762-7770 |
| | Counsel for Weurestlin |

Pursuant to Local Rule 16.3(c), the following matters were discussed:

1.  Whether the case is likely to be disposed of by dispositive motion.

The defendants anticipate that it is likely that dispositive motions will be filed in this case prior to the expiration of discovery.

2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties have agreed any amendments to the pleadings to include additional parties will take place prior to December 15, 2006. Any amendments to the pleadings for any other reason shall occur prior to April 15, 2007.

3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

At this time, the parties do not agree to the assignment of this case to a magistrate judge for all purposes.

4.  Whether there is a realistic possibility of settling the case.

The parties believe that Alternative Dispute Resolution would be productive after the completion of discovery.

5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.

The parties believe that the case could benefit from the Court's alternative dispute resolution (ADR) procedures and request the scheduling of such a procedure following completion of discovery.

6.  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

At this time, the parties are in disagreement as to whether this case can be resolved by summary judgment or motion to dismiss. The parties have agreed that the filing of dispositive motions will take place by May 30, 2007, with responses due in accordance with the Local Rules.

7. Whether the parties should stipulate to dispense with the initial disclosures required by the Rule 26(a)(1), F.R.Civ.P. and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties have agreed to exchange initial disclosures prior to June 15, 2006.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

All written discovery shall be served by the parties on or before July 1, 2006.

All fact discovery will be completed prior to January 15, 2007.

Plaintiff's expert reports will be due on or before January 15, 2007.

Defendants' expert reports shall be due on or before March 15, 2007.

All expert depositions will be completed by April 30, 2007.

All discovery will be completed prior to April 30, 2007.

Dispositive motions shall be filed on or before May 30, 2007.

The parties have agreed that there are no limitations placed on discovery outside of those set forth in the Federal Rules of Civil Procedure.

No protective order is appropriate at this time.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Plaintiff's expert reports shall be served on or before January 15, 2007. Defendants' expert reports shall be served on or before March 15, 2007. All expert depositions will be completed on or before April 30, 2007.

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

This is not a class action, and this item is not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

At this time, the parties do not propose the bifurcation or management of this case in phases.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties recommend that a pretrial conference be held within 30 days of the disposition of any dispositive motions that are to be filed on or before May 30, 2007.

13. Whether the Court should set a firm trial date at the fires scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties request that a trial date be set at the pretrial conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None at this time.

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | WHITE AND WILLIAMS LLP |

BY:    /s/Mark E. Utke                   BY:    /s/ Brian E. Tetro
    Mark E. Utke                             Brian E. Tetro
    1900 Market Street                     1800 One Liberty Place
    Philadelphia, PA  19103            Philadelphia, PA  19103
    215-665-2164                              215-864-7070
    Counsel for Plaintiff                    Counsel for Hartford Insurance Co.
    Federal Insurance Co.

BUDOW AND NOBLE, P.C.              ANDERSON & QUINN, LLC

BY:  /s/ Allan A. Noble                  BY: /s/ John A. Rego
    ALLAN A. NOBLE                        JOHN A. REGO
    7315 Wisconsin Avenue              25 Wood Lane
    Suite 500 West, Air Rights Building  Rockville, MD  20850
    Bethesda, MD  20814                   301-762-3303
    301-654-0896                              Counsel for Paul Scuderi, Inc.
    Counsel for Landis Construction Co.

MCCARTHY WILSON, LLP

BY:  /s/ Edward J. Brown
    EDWARD J. BROWN
    100 S. Washington Street
    Rockville, MD  20850
    301-762-7770
    Counsel for Weurestlin

\2592790\1 166378.000