IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | : | |
|     and | : | |
| HARTFORD CASUALTY INSURANCE | : | |
|     Plaintiffs | : | |
| | : | |
| vs. | : | **Case No. 1:06CV00379 ESH** |
| | : | **Honorable Ellen Segal Huvelle** |
| LANDIS CONSTRUCTION CORPORATION | : | **Next Event: Discovery Deadline 9/28/07** |
|     and | : | |
| WUERSTLIN APPLIANCE SERVICE | : | |
|     and | : | |
| MR. PAUL SCUDERI | : | |
| | : | |
|     Defendants | : | |

**PRELIMINARY EXPERT DESIGNATION**

COMES NOW the Defendant, Wuerstlin Appliance Service, by and through its attorneys, McCarthy Wilson LLP and Edward J. Brown, and pursuant to this Court's Scheduling Order and Federal Rules of Civil Procedure 26(a)(2)(B), states:

1.  That Defendant Wuerstlin is at this time filing a preliminary Expert Designation, with the consent of the parties, as discovery and pretrial efforts are ongoing. The parties are working cooperatively and diligently to complete their pretrial discovery and other pretrial efforts; however, several key witness depositions have yet to be completed and several documents, including photographs, have not yet been produced. Defendant will promptly supplement this Expert Designation upon completion of said discovery and/or final determination of the availability *vel non* of said documents.

2. Defendant reserves the right to present expert testimony from Terry Duvall, 27 St. Martins Road, Cherry Hill NJ 08002. In light of the matters set forth in paragraph 1, Mr. Duvall has not yet prepared his final report. However, a copy of Mr. Duvall's initial report is attached hereto.

Mr. Duvall is an expert in the field of electrical engineering and is expected to testify concerning the cause of the fire at issue, including, but not limited to, the applications of the principals of the science of electrical engineering to the facts and evidence in this case. In addition to the matters set forth in his report, Defendant expects that Mr. Duvall will be called to evaluate and/or rebut Plaintiff's experts' opinions. Based on the information known and/or discovered to date, Mr. Duvall is expected to testify that there is an absence of evidence in this case, including evidence destroyed as a result of the fire, which, when coupled with the missing and/or inconsistent evidence concerning the actual performance of the electrical connections and the condition of the electrical components of the dishwasher prior to the fire, render it problematic attempt to determine the cause of the fire to a reasonable degree of scientific probability or certainty.

Mr. Duvall will also testify that, assuming *arguendo* that an improper connection of electrical lines within a wire nut was the cause or a contributing cause of the fire, that such cause would likely result in a fire in a reasonably short time after the alleged improper connection was made, which is inconsistent with a theory that any work performed by Wuerstlin Appliance Service approximately nine months prior to the fire was a proximate cause of the fire. Mr. Duvall is also expected to testify that the issues of

the alleged absence of strain relief and/or an appropriate ground on the single pole switch can be related to any theory of causation of the fire in this matter.

Finally, Mr. Duvall is expected to testify that, in the absence of evidence (including, but not limited to, deposition testimony or other reliable evidence from Plaintiff's electricians and/or plumbers, including, but not limited to "Murphy" and Collins Plumbing (whose potential participation and/or involvement was recently disclosed at the deposition of the Plaintiff and her agents)), that sufficient information has not been collected by Plaintiffs' experts to properly set forth a viable opinion to a reasonable degree of certainty or probability with finality.

Mr. Duvall has reviewed the parties' deposition transcripts, as well as the depositions of Mr. Fiorito and Ms. Rubino, the Plaintiffs' expert disclosures and reports, Plaintiffs' Answers to Interrogatories, photographs and the documents produced in Plaintiffs' Response to Request for Production of Documents.  Mr. Duvall has also reviewed the Co-Defendants' Answers to Interrogatories and Response to Request for Production of Documents.  Mr. Duvall has reviewed Dr. Pope's report and the Wuerstlin service ticket.

Mr. Duvall's list of publications and list of trial and/or deposition testimonies for the past four years, are being supplied to the parties.  Mr. Duvall is charging $190.00 an hour as compensation for his services in this case.

3. Defendant reserves the right to present expert testimony from Martin King of Martin Churchill and Associates, Inc., 640 S. 19th Street, Arlington, Virginia 22202, in the field of evaluation and appraisal of Plaintiffs' alleged damages in this case.  Mr.

King has not yet prepared a report, as the discovery is ongoing with respect to Plaintiffs' alleged damages, and, by agreement of the parties, the Plaintiffs' and their agents' depositions were limited so as to allow for further time to attempt to streamline and limit the issues upon which damage disputes will be litigated. However, Mr. King has reviewed and analyzed the Plaintiffs' damages' submission, as well as the discovery which has been completed to date, and is expected to testify that the additional living expense claim is not within the parameters of the fair, reasonable and customary practices or charges, including, but not limited to, Plaintiff's extended stay at the Georgetown Inn for 11 months following the incident. Furthermore, Mr. King is expected to testify that the repair cost to the dwelling and the property were excessive, compared to those reasonable and customary charges in practices within the Washington, D.C. area.

Mr. King has reviewed the deposition transcripts of the parties and Mr. Fiorito and Ms. Rubino, the Plaintiffs' expert disclosures and reports, Plaintiffs' Answers to Interrogatories, insurance policy, photographs and documents produced in Plaintiffs' Response to Request for Production of Documents.

A copy of Mr. King's publication list and deposition and/or trial testimony for the last four years are being supplied to the parties. Mr. King is being compensated at the rate of $125.00 an hour for his services in this case.

4. Defendant reserves the right to present adverse expert opinion from any retained expert designated by any other parties in this case.

        Respectfully submitted,

        McCARTHY WILSON LLP

        /s/
        Edward J. Brown
        DC Bar #414365
        100 S. Washington Street
        Rockville, Maryland 20850
        (301) 762-7770
        *Attorney for Wuerstlin Appliance Service*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Preliminary Expert Designation** was electronically filed, this 27th day of July 2007, to:

Eric N. Stravitz, Esquire
2000 Massachusetts Avenue, Suite 200
Washington, D.C. 20036

Mark E. Utke, Esquire
1900 Market Street
Philadelphia, PA 19103

Brian E. Tetro, Esquire
1800 One Liberty Place
Philadelphia, PA 19103

Allan A. Noble, Esquire
Michael J. Budow, Esquire
7201 Wisconsin Avenue, Suite 600
Bethesda, Maryland 20814

Alice Kelley Scanlon, Esquire
25 Wood Lane
Rockville, Maryland 20850

        /s/
        Edward J. Brown