IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY | : | C.A. NO. 1:06CV00379 |
| | : | Judge Alan Kay |
| and | : | |
| HARTFORD CASUALTY<br>INSURANCE COMPANY | : | |
| Plaintiffs, | : | |
| v. | : | |
| LANDIS CONSTRUCTION CORPORATION | : | |
| and | : | |
| WUERSTLIN APPLIANCE SERVICE | : | |
| and | : | |
| MR. PAUL SCUDERI | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF FEDERAL INSURANCE COMPANY'S
<u>MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY</u>**

Plaintiff Federal Insurance Company, by undersigned counsel, in accordance with LCvR 7(a), hereby submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Exclude Expert Report and Testimony:

**I.   STATEMENT OF FACTS**

This case arises from a residential fire loss that occurred at 3248 North Street, NW, Washington, D.C., on May 9, 2005. As alleged in plaintiff's Complaint, an improperly wired

dishwasher was the cause of the fire and resulting damages sustained by plaintiff's insureds. Plaintiff alleges that the three defendants in this case are responsible for the resulting damages.

The initial Scheduling Conference was heard before the Honorable Ellen S. Huvelle, U.S.D.J., on June 6, 2006. At that time, a Scheduling Order was entered. After the Scheduling Conference, two Consent Motions for extensions of discovery were filed. Each included an extension of the time period within which the defendants were required to submit their expert disclosures. Under the Court's most recent Scheduling Order, entered on April 30, 2007, defendants' expert disclosures were due by July 16, 2007. This Scheduling Order also required that all discovery be completed no later than January 31, 2008.

During the course of discovery, a complete copy of plaintiff Federal Insurance Company's ("Federal") claims file was produced to all parties on July 6, 2006. Plaintiff Federal also made its expert disclosures on February 28, 2007, in accordance with the Court's Scheduling Order.

On December 21, 2007, counsel for defendant Wuerstlin sent a facsimile to all parties containing a draft damages expert report from Martin L. King, A.S.A., C.R. There has never been any form of extension provided for the late submission of an expert report in this case to counsel for Wuerstlin. In addition, the expert disclosure requirements mandated by Rule 26 have still not been complied with by counsel for defendant Wuerstlin.

This Motion seeks to preclude the testimony of defendant Wuerstlin's expert as it is submitted over five months after the deadline for submission of expert reports, and the plaintiff will suffer prejudice due to this extraordinary and inexcusable delay.

II.     **MEMORANDUM OF LAW**

The Federal Rules of Civil Procedure are very clear regarding the requirements for expert disclosures made during the course of litigation. Under Fed. R. Civ. P. 26(a)(2), it is mandatory that a party disclose a witness that is specially employed to provide expert testimony through the provision of a written report, prepared and signed by the witness, containing a complete statement of all opinions to be expressed and the basis and reasons for those opinions. In addition, the Rule further provides for the provision of a list of all publications authored by the witness within the preceding 10 years, along with the compensation being paid to the witness and a list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years. Fed. R. Civ. P. 26(a)(2)(B). The Rule regarding disclosure of expert testimony also provides that these disclosures shall be made at the times and in the sequence directed by the court. Fed. R. Civ. P. 26(a)(2)(C).

In this case, defendant Wuerstlin has been in possession of all of the materials required for its expert report since July 6, 2006. Counsel for defendant Wuerstlin has taken no discovery regarding damages, and has never requested or received any form of extension from the plaintiff for the purpose of providing an untimely expert report. By providing a "draft report" of its purported expert on damages on December 21, 2007, it has severely prejudiced the plaintiff's ability to rebut the opinions contained in Mr. King's report, which are not in any way finalized. See Salgado v. General Motors Corp., 150 F.3d 1370, 1375 (Fed. Cir. 2001)(a "preliminary report" is not sufficient pursuant to the disclosure requirements). This Court directed that the defendants submit their expert disclosures no later than July 16, 2007. Due to the lateness of the defendant's submission, plaintiff's ability to retain a rebuttal expert is severely prejudiced in that Mr King has not even issued a final report to base his opinions. Further, to the extent that the Court considers a *Daubert* motion one that is dispositive, because the deadline for dispositive

motions was October 19, 2007, Plaintiff may be precluded from challenging Mr. King on *Daubert* grounds.

For these reasons, it is respectfully asserted that defendant Wuerstlin be precluded from submitting an untimely expert report in contravention of both the Court's Amended Scheduling Order and Fed. R. Civ. P. 26(a)(2).

### III.  CONCLUSION

For these reasons, it is respectfully requested that the Court enter an Order precluding defendant Wuerstlin (or any other party) from using the report or testimony of Martin L. King. A.S.A., C.R., at the time of trial.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

Date:  1/7/08        By:   /s/ Eric N. Stravitz
Eric N. Stravitz  (D.C. Bar #438093)
1307 New Hampshire Avenue
Suite 400
Washington, DC 20036
(202) 463-0303
(202) 861-8858 Fax
eric@metroDClaw.com
*Counsel for Plaintiffs*
*Federal Insurance Company and*
*Hartford Casualty Insurance Company*

COZEN O'CONNOR

By:   /s/ Mark E. Utke
Mark E. Utke (Admitted *Pro Hac Vice*)
1900 Market Street
Philadelphia, PA  19103
(215) 665-2164
(215) 665-2013 Fax
mutke@cozen.com
*Counsel for Plaintiff Federal Insurance Company*