## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE COMPANY  :
    and  :
HARTFORD CASUALTY  :
INSURANCE  :
      :
    Plaintiffs  :
      :
    vs.  :   **Case No. 1:06CV00379 AK**
      :   **Magistrate Judge Alan Kay**
LANDIS CONSTRUCTION CORP.  :   **Next Event: Discovery Deadline**
    and  :             **01/31/2008**
WUERSTLIN APPLIANCE SERVICE  :
    and  :
MR. PAUL SCUDERI  :
      :
    Defendants  :

## DEFENDANTS' JOINT MOTION TO STRIKE, OR IN THE ALTERNATIVE, OPPOSITION TO PLAINTIFF FEDERAL INSURANCE COMPANY'S MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY

COMES NOW the Defendants, Wuerstlin Appliance Service, Paul Scuderi and Landis Construction Corp., by their undersigned counsel, and files this Joint Motion to Strike, or in the Alternative, Opposition to Plaintiff Federal Insurance Company's Motion to Exclude Expert Report and Testimony, and state:

### I.    MOTION TO STRIKE

That Plaintiff Federal's Motion, albeit entitled a Motion to Exclude, in fact, a Motion addressing a discovery dispute.

As such it was filed in violation of paragraph 14 of the Court's Order of 6/6/06. Defendant has not undertaken any good faith effort to resolve this matter, and further, has

not coordinated a telephone conference with the Court and opposing counsel as referred by paragraph 14 of the Courts Order.

## II.    OPPOSITION

### A.    INTRODUCTION/HISTORY

This action arises from a fire at the home of Plaintiffs' insured, Beverly and Leo Bernstein, in Georgetown, Washington, D.C.  Plaintiff Federal Insurance Company provided coverage for the dwelling, additional living expense and contents claims, Plaintiff Hartford Casualty Insurance Company provided coverage for the living expenses.  Plaintiffs are claiming in excess of 1.5 Million Dollars in damages.

Only Plaintiff Federal Insurance Company (hereinafter "Federal") is claiming a discovery violation and moving to exclude the expert report and testimony of Defendants' damages expert Martin L. King, A.S.A, C.R.

The federal appellate courts have offered guidance with respect to the issue of trial court error in excluding testimony on Rule 26 grounds.  This issue is usually addressed when an eve of trial revelation is at hand, not an issue raised when there was still over a month left before discovery ever closed.  In Meyers v. Pennypack Woods, 559 F.2d 894, 904 (3d Cir. 1977), the court, which reversed the district court's exclusion of expert testimony by a witness not named in pretrial memoranda, stated four "basic considerations" in reviewing such a sanction: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling

unlisted witnesses would disrupt the orderly and efficient trial of the case; and (4) bad faith or willfulness in failing to comply with the court's order.

The exclusion of evidence is a severe remedy. Weiner v. Kneller, et al., 557 A.2d 1306 (D.C. App. 1989). Similar to Meyers, in determining whether this remedy is appropriate, the Court looked also to the surprise or prejudice of the opposing party, whether the evidence would prejudice the party seeking to introduce it, the impact of the evidence on the efficiency of the trial, the introducing party's willfulness to comply with evidentiary rules, and the impact of excluding the testimony on the completeness of the information before the court and jury. Weiner, 557 A.2d at 1311-1312.

The history of the case is important. Prior to the current discovery dispute, the parties had been working cooperatively and diligently to perform their pretrial efforts, including discovery. The parties have filed Joint Motions to Extend the initial Scheduling Order. Defendant has provided extensions to accommodate the Plaintiffs' wishes (e.g., Plaintiff Hartford's appraiser's report was extended by informal). See emails of May 11 and May 24, 2007, attached hereto as **Exhibit A.** To date, only fact witnesses have been deposed done largely to the common sense desire to obtain the necessary factual predicate for the depositions of the parties' respective experts. Indeed, it is noteworthy that Plaintiffs' designated representatives have not yet been deposed, but these are expected to take place during the next two (2) weeks.

In late July, Defendant Wuerstlin Appliance Service (hereinafter "Wuerstlin") filed its Expert Designation, entitled "Preliminary Expert Designation". In paragraph 1 of that Expert Designation, Defendant Wuerstlin stated, "

1.      That Defendant Wuerstlin is at this time filing a preliminary Expert Designation, with the consent of the parties, as discovery and pretrial efforts are ongoing.  The parties are working cooperatively and diligently to complete their pretrial discovery and other pretrial efforts; however, several key witness depositions have yet to be completed and several documents, including photographs, have not yet been produced.  Defendant will promptly supplement this Expert Designation upon completion of said discovery and/or final determination of the availability *vel non* of said documents.

Defendants, Landis and Scuderi adopted Defendant Wuerstlin's Disclosures as it relates to Expert King.

Prior to the filing of this Expert Designation, Defendant Wuerstlin's counsel had confirmed with counsel for Plaintiff Hartford Casualty Insurance Company (hereinafter "Hartford"), Brian Tetro, that the filing of its Preliminary Expert Designation was acceptable to Plaintiffs[1].  Defendants now believe that Plaintiff Federal, through its attorney Mark Utke of Cozen O'Connor in Philadelphia, is claiming that Mr. Tetro was not authorized to speak for both Plaintiffs on this point.  It is important to note that Plaintiffs heretofore had been acting, for all practical purposes, as a unit, (e.g. Plaintiff's served[2] a Joint Expert Designation and only Plaintiff Hartford's counsel Tetro has attended various depositions, including the depositions of Plaintiff's insureds, Beverly and Leo Bernstein, as well as other important fact witnesses)

If Defendant's understanding is correct that Plaintiff Federal's Motion, although not expressly so stating, is raising the claim that Mr. Tetro was not speaking for both Plaintiffs when consenting to a Preliminary Expert Designation as it relates to expert

---

[1]  Defendant's counsel believes, but cannot state with 100% certainty, that the issue that it was not necessary to individually consult with Mr. Utke was raised of course, if Federal's position is that this was necessary, then Defendant and Mr. Tetro's discussions are not binding.
[2]  Defendants' do not believe Plaintiffs Joint Expert Designation was ever filed.

Martin King, on behalf of the Plaintiffs, then this is extremely troubling. This is problematic not only due to the level of cooperation and the joint approach exhibited to date, but also because Defendant Wuerstlin's counsel seven (7) months ago, filed a Preliminary Expert Designation that indicated that the preliminary nature was "with the consent of the <u>parties</u>" (emphasis supplied). Thus, it appears that representation of counsel to the Court was allowed to remain unchallenged until December 2007 when, for the first time, Plaintiff Federal raised an objection, once it appeared that the case would not settle. <u>See</u> email of 12/27/07 attached hereto as **Exhibit B.** This position was raised even though Defendant Wuerstlin indicated that Mr. King's report would be forthcoming promptly and that the witness would be available for deposition before the end of the discovery period. Thus, even though Plaintiffs were supplied with Mr. King's draft report one month ago on 12/21/07 (with another request for the photos (<u>See</u> Defendant's 12/11/07 emails included in **Exhibit C**) and also measurements of the artwork and personal items), and were notified that Mr. King is available for deposition before the end of January, 2008, Plaintiff Federal has opted to refrain from taking of Mr. King's Deposition and instead is moving to exclude Mr. King.

Ironically, the need to file a Preliminary Expert Designation was due in large part to the belief that 302 photographs of the damages would be produced (attached hereto as **Exhibit A** is Defendant Wuerstlin's counsel's July 10, 2007 email to all parties, as well as practical considerations concerning the order of discovery and potential case

resolution either via settlement and/or streamlining of various damages issues).[3] Defendants have still not received these photos notwithstanding the 7/10/07 email.

### B. DEFENDANT HAS NOT BEEN PREJUDICED AND EXCLUSION IS NOT MERRITED

Notwithstanding the numerous extensions and professional courtesies extended to Plaintiffs and their insureds, the Bernsteins, it is Defendant's understanding that Plaintiff Federal, rather than simply take Mr. King's deposition, is instead opting to move to exclude him altogether. Although Plaintiff Federal makes an unspecified reference to prejudice in its Motion, it, in actuality, is opting to attempt to create prejudice by refusing to provide very basic information (photographs and measurements and also refusing to avail itself of the opportunity to take Defendants' expert's deposition. Plaintiff Federal also in correctly states that Defendant Wuerstlin is in possession of all the materials required for its expert report since July of 2006. In fact, Defendant's request for the Federal photographs, which has been outstanding since July of 2007, was ignored until December when Defendant again requested same. Defendant's requested measurements and/or the ability to visually inspect the allegedly damaged personal item, and this very simple request has been responded to with a rather abrupt email stating, "it is not our job to do this". See Defendant counsel's email of 12/11/07 and Defendant's email of 1/2/08 that Plaintiff does not possess the photos referenced in its claim file and

---

[3] Accommodations in this regard were made to Plaintiffs' insureds with respect to Beverly Bernstein's deposition [see Bernstein deposition at p62, and deferring Mr. Bernstein's deposition. See email dated 4/27/07 @ 10:43am attached hereto as **Exhibit D**. Defendant Wuerstlin recalls that an agreement similar to the one reached regarding Ms. Bernstein's deposition was also reached as to Plaintiffs' witnesses Sal Fiorito and Maggie Rubino, but these were not placed on the record. However, the deposition transcript will demonstrate that the Defendants refrained from asking damage questions of these witnesses. Once again, Mr. Tetro attended theses depositions, and Mr. Utke did not, but there was no indication that the agreement only related to Plaintiff Hartford's case.

6

noting that Plaintiff has "no intention of incurring additional expenses to measure particular items for Mr. Brown." See Mr. Utke's email of 1/2/08, attached hereto as **Exhibit E.**

Finally, Plaintiff Federal attempts to cry prejudice by raising an issue as to its ability to designate a rebuttal expert and/or raise a Daubert Motion. Although it is not at all clear as to why Plaintiffs' original experts would not be able to serve as rebuttal experts, Defendants have no objection to continuing to cooperatively accommodate reasonably discovery questions, if for some reason additional experts for Plaintiff Federal might be necessary for rebuttal purposes. Similarly, although it is difficult to comprehend how a Daubert Motion regarding a defense damage witness could somehow be interpreted by Plaintiff as falling within the Dispositive Motions deadline, if some form of Daubert Motion needs to be filed, Defendants expect that this request, as with Plaintiffs' prior request for extensions, will be accommodated. It is not readily ascertainable as to how this would affect a damages expert for fire loss issues

The Court should take a dim view of attempts to create a prejudice argument where no actual prejudice exists. This matter is not even set for trial. The next Court action is a Status Conference that is over five (5) weeks away. Defendants have accommodated every request of the Plaintiffs for additional time and/or extensions, have overlooked the failure of Plaintiffs to actually file their Expert Designations, and expect, notwithstanding the recent unpleasantness, to continue to work in a professional and cooperative manner with both Plaintiffs, as is the custom and practice in this legal community.

## C.    CONCLUSION

WHEREFORE, Defendant respectfully requests this Court to deny Plaintiff's Motion.  (Perhaps more troubling is the content of the email which states that "Defendants never filed any form of expert disclosures and the certificate which indicates Plaintiff is severely prejudiced.   As noted above, there is no prejudice and contemporaneous with the filing of this Motion, or emails from the Plaintiffs suggesting dates after the discovery cutoff.)

Respectfully submitted,

McCARTHY WILSON

_____/s/_____

Edward J. Brown, #414365
100 S. Washington Street
Rockville, Maryland 20850
(301) 762-7770
*Attorney for Wuerstlin Appliance Service*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF FEDERAL INSURANCE COMPANY'S MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY** was e-filed, this 22nd day of January, 2008, to:

Eric N. Stravitz, Esquire
2000 Massachusetts Avenue, Suite 200
Washington, D.C. 20036

Mark E. Utke, Esquire
1900 Market Street
Philadelphia, PA 19103

Brian E. Tetro, Esquire
1800 One Liberty Place
Philadelphia, PA 19103

Alice Kelley Scanlon, Esquire
25 Wood Lane
Rockville, MD 20850

Allan A. Noble, Esquire
Michael J. Budow, Esquire
7201 Wisconsin Avenue, Suite 600
Bethesda, Maryland 20814

_____/s/_____
Edward J. Brown