## Dawn Ramos

**From:** Utke, Mark [MUtke@cozen.com]
**Sent:** Wednesday, January 02, 2008 11:12 AM
**To:** Bud Brown
**Cc:** Tetro, Brian; jrego@andersonquinn.com; anoble@budownoble.com
**Subject:** RE: Federal's claim

Providing the name of an expert is not tantamount to complying with the disclosure requirements of R. 26. Your purported "draft" expert report is over 5 months late. This was not an inadvertent error on my behalf, but a statement that your expert report is untimely. I have not consented to the deferral of any testimony regarding damages in this case and your representation to the contrary is incorrect. I have also not consented to your submission of a purported expert report at this late stage in the litigation.

I have provided you with all of the photographs in the plaintiff's possession and have no intention of incurring additional expenses to measure particular items for Mr. Brown.

It will not be necessary to subpoena the plaintiff's experts. We will await the defendants' response regarding deposition dates for Mssrs. Duvall and Benedict.
Mark

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service."

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege..

**From:** Bud Brown [mailto:browne@McWilson.com]
**Sent:** Friday, December 28, 2007 8:17 PM
**To:** Tetro, Brian; Utke, Mark
**Cc:** jrego@andersonquinn.com; anoble@budownoble.com; Susan Shoemaker; Kathryn E. Bonorchis
**Subject:** RE: Federal's claim

I have now received dates from Mr. Utke in response to the 12/11/07 request for dates for the depositions of his experts and designee, and Mr. Rego's dates as well, but still need to hear from Mr. Tetro as to his experts/client and Mr. Noble as to his dates. Based on the dates provided to date, I have noticed the depositions of the below identified individuals and a few others for 1/22 and 1/24, but the we can move the deponents' time slots around to accommodate their schedules.

Yesterday, Mr. Utke asked for my experts' deposition dates and I have inquiries into Mr. Duvall and Mr. King, and I understand Mr. Rego is making the same inquiry as to his experts. I am not available on Jan 21 but will arrange for coverage if Mr. Rego's experts are available that day, although he too may want the


DEFENDANT'S EXHIBIT

1/22/2008

week divide. I have reviewed the Court docket and it records my clients' expert disclosures, and the other defendants' disclosures, were in fact filed in late July, and thus I can only conclude that the reference in Mr. Utke's letter to an alleged absence of "any form of disclosure with respect to a damages expert" was an inadvertent error. Similarly, I have located e-mails accommodating the delay in plaintiffs' appraisal expert and reviewed the discussion at Ms. Bernstein's deposition, which I believe was in effect for the Fiorito and Rubino depos as well, but may not have been on the record, regarding deferring certain damages discovery, so we'll again assume that reference was an inadvertent mistake.

Please confirm that it is not necessary to subpoena one another's experts.

I still need from Mr. Utke the information sought below and the inspection date. I believe we inquired about the photographs quite some time ago and thus anything that can expedite delivery of the photos would be greatly appreciated.

I have not heard that Mr. Tetro objects to a discovery extension, and thus in light of Mr. Utke's limited availability in January and the fact that the damages claims are distinct, we could consider extending discovery for Mr. Tetro's client and damages witnesses if that helps with any scheduling issue. Please let me know your thoughts.

Finally, is there any news on the remaining fact witnesses' depositions? Thanks to all--bud

---

**From:** Tetro, Brian [mailto:Tetrob@whiteandwilliams.com]
**Sent:** Wednesday, December 12, 2007 9:58 AM
**To:** Bud Brown; Utke, Mark
**Cc:** jrego@andersonquinn.com; anoble@budownoble.com; Susan Shoemaker; Kathryn E. Bonorchis
**Subject:** RE: Federal's claim

I know Attorney Noble sent a letter to the insured's personal attorney re the remaining fact depositions. Please let me know if he has been unresponsive, as I can call him directly to get that issue moving.

Brian E. Tetro, Esquire
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
Direct Dial: 215-864-7070
Direct Fax: 215-789-6670
tetrob@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

---

**From:** Bud Brown [mailto:browne@McWilson.com]
**Sent:** Tuesday, December 11, 2007 6:01 PM
**To:** Utke, Mark
**Cc:** Tetro, Brian; jrego@andersonquinn.com; anoble@budownoble.com; Susan Shoemaker; Kathryn E. Bonorchis
**Subject:** Federal's claim

Mark,

In order to expedite the report from our damages expert, it is possible for you or Olin (the artwork/contents expert) to provide the measurements for each of the items at issue. Although our expert will likely need to examine the paintings/etc, to finalize this aspect of his review, if we can obtain the measurement information before any examination this will expedite matters, and perhaps enable the parties to discuss a stipulation as the value of this component of Federal's claim. Please let me know, and please provide some dates in the next 30 days for an inspection (if necessary).

I had also previously inquired about potentially lost photographs mentioned in the Federal claim file on 6/28/2006. Can you determine whether these were ever located, and if not, what was photographed? Also, were there ever photographs taken of the artwork (and other items for which claims are asserted) while the objects were still in the house? Plaintiffs have produced some photos which depict some of the objects, but it appears that these were just "general" house photographs with some of the items coincidentally in the background, as opposed to an attempt to chronicle each item before removal.

Mark and Brian,

Can you secure a couple of dates in mid January for the Plaintiffs liability experts and Corporate Designees--I am primarily interested in the claims representative with the most knowledge of the adjustment of the loss--and the representatives from Rolyn, Olin and Antonucci with the most hands-on knowledge of their services. I would like to take these three damages witnesses' depositions at least a week in advance of Defendants' damages experts' deposition.

All:

Do we have any new dates for the last three liability fact witnesses, which we had discussed taking on 11/30? My recollection is we wanted to take them sooner rather than later so the experts could have all information before finalizing their reports. Thanks--ejb

PRIVACY STATEMENT: This message and any attachments are confidential and are intended only for the addressee(s). This message may contain information that is protected by attorney client privilege or one or more legally recognized privileges. If the reader of this message is not an intended recipient or an authorized representative of an intended recipient, the sender did not intend to waive and does not waive any legal privilege or the confidentiality of the message and any attachments. If you receive this communication in error, please notify the sender immediately by return e-mail and delete this message from your computer and network without reading or saving the message and any attachments. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, and any attachments, is prohibited. Thank you.


PRIVACY STATEMENT: This message and any attachments are confidential and are intended only for the addressee(s). This message may contain information that is protected by attorney client privilege or one or more legally recognized privileges. If the reader of this message is not an intended recipient or an authorized representative of an intended recipient, the sender did not intend to waive and does not waive any legal privilege or the confidentiality of the message and any attachments. If you receive this communication in error, please notify the sender immediately by return e-mail and delete this message from your computer and network without reading or saving the message and any attachments. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, and any attachments, is prohibited. Thank you.

1/22/2008