UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FEDERAL INSURANCE
COMPANY, *et al.*,
       Plaintiffs,
  v.

LANDIS CONSTRUCTION
CORPORATION, *et al.*,
       Defendants.

Civil Action No. 06-379 (AK)

## MEMORANDUM ORDER

Pending before this Court is Plaintiff Federal Insurance Company's Motion to Exclude Expert Report and Testimony ("Motion") [46] and Defendants' Joint Motion to Strike, or in the Alternative, Opposition to Plaintiffs' Motion ("Opposition") [49]. Federal Insurance Company ("FIC") moves to strike the expert report and testimony of Defendants' damages expert, Martin L. King, on grounds that Mr. King's preliminary expert report was untimely filed, which results in prejudice to FIC, in terms of presenting rebuttal. Defendants asserted that Mr. King was identified in a timely manner but his report could not be completed because of their inability to obtain certain photographs and/or measurements of property belonging to the insured individual, Beverly Bernstein. In light of the January 31, 2008 close of discovery, counsel for all parties requested that the Court conduct an expedited telephonic conference to consider the issues raised in the Motion and Opposition, as well as some other pending discovery issues involving the number of witnesses who may be deposed.[1] The Court having held such telephonic conference

---

[1] This parties in this matter consented to the referral of this case for all purposes and trial to the undersigned Magistrate Judge. *See* Consent dated June 16, 2006 [32]. The previous trial court set a June 6, 2006 Scheduling Order [28] limiting each side to a "maximum of 8 deposition excluding experts" with "no deposition [to] exceed 7 hours . . . ." ([28] at 2.]

on January 25, 2008, with all parties being represented by counsel, and after having considered the arguments of each side, it is this 28th day of January, 2008,

ORDERED that Plaintiff Federal Insurance's Company's Motion to Exclude Expert Report and Testimony [46] is denied.  Plaintiffs' counsel is instructed to work with the insured to ascertain a mutually convenient time for Defendants' representative or surveyor to visit the insured's residence to take the necessary measurements of the insured's property (hereinafter referred to as "the survey").  Such survey should be completed within ten business days of the date of this Memorandum Order.  The final expert report by Defendants' damages expert, Martin L. King, is due two weeks after the completion of such survey.  Mr. King's deposition will then be conducted within two weeks after the provision of his final expert report, at a mutually convenient date and time.  Should the parties be unable to agree on a date within that time frame, they should promptly notify the Court.  It is further

ORDERED that all discovery in this matter shall be completed by no later than March 14, 2008, including any supplementation of reports by Plaintiffs' [damages] experts to address any new issues raised in Mr. King's final report and his deposition.  No further extensions of discovery will be entertained by the Court unless there is good cause. It is further

ORDERED that the number of fact witnesses set forth in the Scheduling Order [28] is expanded to include any claims adjuster, public adjuster and appraiser.  Such depositions shall, however, be limited to three hours each.  Defendants may also notice their Rule 30(b)(6) depositions of both Plaintiff insurance companies, to be completed by March 14, 2008.  It is further

ORDERED that the deadline for filing dispositive motions is extended through April 11, 2008.  The telephonic status conference set for February 29, 2008 is cancelled.  The parties are

directed to contact the Court for a telephonic status conference on May 8, 2008, at 10:30a.m.

Counsel should be prepared to discuss the scheduling of a trial date at that time.

                                              _____/s/_____
                                              ALAN KAY
                                              UNITED STATES MAGISTRATE JUDGE

Case 1:06-cv-00379-AK    Document 51    Filed 01/28/2008    Page 3 of 3