
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

FEDERAL INSURANCE COMPANY

and

HARTFORD CASUALTY INSURANCE COMPANY

      Plaintiffs

v.

LANDIS CONSTRUCTION CORPORATION

and

WUERSTLIN APPLIANCE SERVICE

and

MR. PAUL SCUDERI

      Defendants

Case No. 1:06CV00379
Magistrate Judge Alan Kay

### DEFENDANT PAUL SCUDERI, INC.'S ANSWERS TO INTERROGATORIES OF PLAINTIFFS FEDERAL INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY

### ANSWERS TO INTERROGATORIES

1. Identify each person who assisted or participated in preparing and/or supplying any information supplied by you in answering these interrogatories. Include each person's name, address (business and home) and phone number.

    **ANSWER:** These Interrogatory Answers where prepared by information supplied by Paul Scuderi, 25901 Woodfield Road, Damacus, Maryland 20872. Mr. Scuderi was assisted by his counsel in preparing these Answers to Interrogatories.

2. Have you or anyone acting on your behalf given or obtained from any person any statements as defined by the Rules of Court regarding the subject matter of this action? If so: (a) identify each person who gave a statement; (b) indicate when each statement was made; (c) indicate where each statement was made; (d) identify all person(s) to whom each statement was made; and (e) state whether any statement was reduced to writing or otherwise recorded, listing and person who has custody of any such statement that has been reduced to writing or otherwise recorded.

    **ANSWER:** Defendant objects to the scope of this Interrogatory as it seeks information which is or may be protected by the attorney/client privilege and the work product doctrine. Without waiving these objections, defendant states that Paul Scuderi may have given a statement



EXHIBIT 4

to a representative of Erie Insurance Company regarding the subject incident via a telephone conversation. It was Mr. Scuderi's understanding that Erie Insurance Company was the insurance carrier for Landis Construction Corporation. Mr. Scuderi did not give a written statement to Erie Insurance Company and does not have a specific recollection of the content of such statement. He does believe that he may have mentioned in that statement that a person named Sal Rubino, whom Mr. Scuderi understood was the project manager for the Bernstein home renovation, told Mr. Scuderi after the incident that the particular dishwasher in question was prone to catching fire.

Mr. Scuderi also believes that he may have spoken to counsel for plaintiff Hartford Casualty Insurance Company, Mark Utke, but does not recall the specifics of that conversation.

Any other statements Mr. Scuderi may have made in this case were to his attorneys or to his insurance carrier representatives and are thus privileged.

3. Identify all persons who you expect to call as fact witnesses at the trial of this matter, and for each such person, state in detail the substance of their proposed testimony.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information which does or may violate the attorney/client privilege and the work product doctrine. Without waiving these objections, defendant states that aside from the parties and their representatives and those persons identified by the plaintiffs and the co-defendants in this case, defendant might call Paul Scuderi, William Seagle, Derek Guertler, and Sal Rubino (Fioritorubino) to testify as fact witnesses at the trial of this matter. The nature and extent or substance of any fact witness testimony has not been determined to date and this Interrogatory Answer will be supplemented as appropriate or by other means of discovery, such as depositions.

4. Identify any and all experts whom you intend to have testify at the time of trial.

**ANSWER:** Defendant has yet to make a determination as to the identity of experts whom it intends to have testify at the time of trial and will provide this information by expert designation pursuant to the Court's Scheduling Order.

5. Please state the substance of the facts and opinions to which any and all experts identified in you response to interrogatory #4 are expected to testify, and provided the summary of grounds for each opinion.

**ANSWER:** Please see Answer to Interrogatory #4.

6. Set forth in detail the factual information supplied to any and all experts identified in you response to interrogatory #4, that was used as a basis for forming his/her opinion.

**ANSWER:** Please see Answer to Interrogatory #4.

7. Are there any trade or industry standards, or any state, local, or federal regulations that regulate or define the installation of the Bosch dishwasher in question? If the answer to the foregoing is in the affirmative; (a) identify each such standard or regulation; (b) describe the substance and contents of each such standard or regulation; (c) state everything Scuderi Construction Corporation did to ensure that the dishwasher conformed to such standards and regulations; and (d) state how and in what manner the installation did not conform to any such standard or regulation.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information which is neither relevant nor material to the issues in this case. Without waiving said objection, defendant states that it did not install the Bosch dishwasher in question. As a result, defendant assumes that the instructions for the particular dishwasher detail, among other things, the manner in which it was to be installed. There are particular D.C. Code provisions and National Electric Code provisions regarding general electric wiring requirements that may apply to the installation of kitchen appliances. Since this defendant did not install the subject dishwasher in question, it has no knowledge as to whether these provisions were complied with by the ultimate installer.

8. Describe in complete detail the substance and contents of all conversations that Scuderi or any of its employees, agents, or servants had with the Plaintiffs' insured, Beverly Bernstein, regarding the installation of the product referred to in Plaintiffs' Complaint.

**ANSWER:** This defendant has no knowledge of any conversations with Beverly Bernstein regarding the installation of the dishwasher in question. Paul Scuderi recalls having one brief conversation with Ms. Bernstein where she explained to him what door of the home he could use to enter and exit the premises while working therein.

9. Attach copies of any and all documents referred to or identified in your response to the preceding interrogatories.

**ANSWER:** Copies of all documents in possession of this defendant have been produced by this defendant as part of its 26(a)(1) Disclosures. These documents will be produced again in this Defendant's Response to Request for Production of Documents.

10. State in as much detail as possible the steps taken by Scuderi to arrange for, supervise, inspect and/or provide the necessary materials and/or equipment (including any electrical

connections) for the installation of the dishwasher.

**ANSWER:** Please see Answer to Interrogatory #7. This defendant had no role in arranging for, supervising or inspecting the installation of the dishwasher. The materials and equipment used by this defendant at the Bernstein residence are identified in documents provided in Defendant's Rule 26(a)(1) Disclosures. There were some additional materials, such as BX metal clad wire, that defendant had in its possession prior to the beginning of this job.

Defendant became involved in this job after receiving a telephone call from Sal Rubino in the spring of 2003 requesting a bid for electrical services for proposed work at the Bernstein residence. Defendant submitted an estimate to Mr. Rubino which was approved or, it was at least the defendant's understanding from Sal Rubino that it was approved, by Mrs. Bernstein through her representative, Sal Rubino. Upon receiving a deposit check to begin the job, Paul Scuderi met with Mr. Rubino and representatives of Landis at the home to go through coordination of the kitchen renovation.

In early to mid-June 2003, among other things, the defendant placed the existing dishwasher circuit in a switch box on the wall below the future location for the sink. From this box, the defendant installed and left a coil of BX metal clad wire for the future dishwasher. The defendant also installed a switch on this switch box, referred to as a "toggle" switch. The defendant left a sufficient length of BX metal clad wire to connect the existing dishwasher and awaited instructions from Mr. Rubino, for delivery and installation of the dishwasher.

Other general work was performed by the defendant at the site from June through mid-August 2003 at which time the defendant recalls the dishwasher not having been installed.

In late August or early September 2003, the defendant recalls receiving a telephone call from Sal Rubino regarding the installation of an oven. The defendant asked that the carpenter physically install the oven as this might require altering the cabinet or counter next to the oven and the defendant arrived on the job at that time and wired the oven and the convector beside the oven. The defendant notice at that time, that the dishwasher had already been installed and was apparently operational. At no time was this defendant contacted by anyone related to this project

to advise that the dishwasher needed installation nor did this defendant have anything to do whatsoever with the installation of the dishwasher. No person on site ever explained to this defendant who installed the dishwasher.

This defendant was not present for the inspection of the electrical circuitry by the D.C. Electrical inspector but believes, based on custom and habit, that either representatives of the general contractor, Landis, or Mr. Rubino would have been present for such inspection.

11. State in detail the steps taken by Scuderi to arrange for and/or complete the installation of the dishwasher at the subject premises.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

12. State in detail the steps taken by Scuderi to ensure that the proper electrical connections and components were used during the course of the installation of the dishwasher at the subject premises.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

13. State in detail the steps taken by Scuderi to inspect the electrical connections for the dishwasher that was installed at the subject premises.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

14. State in detail the steps taken by Scuderi to ensure that its electrical activities with regard to the installation of the dishwasher were conducted in accordance with local, state and/or national regulations and standards including but not limited to the National Electric Code.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

15. State in detail the steps taken by Scuderi to ensure that it followed the instructions for installation set forth in the instruction manual of the dishwasher at the subject premises.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

16. State in detail what parties, if any, other than Scuderi, had any role whatsoever in the installation of the dishwasher at the subject premises.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10. This defendant has no first hand personal knowledge regarding installation of the dishwasher at the subject premises aside from the fact that Paul Scuderi visited the premises in late August or early September 2003 and the dishwasher was installed and apparently operational.

17. State in detail what efforts were taken by Scuderi, if any, to ensure that the strain relief was employed in the installation of the dishwasher at the subject premises. If no efforts were taken, explain why not.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

18. State in detail what efforts were taken by Scuderi, if any, to ensure that the electrical junction box was employed in the installation of the dishwasher at the subject premises. If no efforts were taken, explain why not.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10.

19. State in detail the nature of the relationship, if any, between Landis and Paul Scuderi, Inc. regarding the renovation project which commenced at the subject premises in May 2003.

**ANSWER:** Defendant objects to this Interrogatory as to form on the grounds that it is vague and invidious ambiguous. Without waiving these objections, defendant believes that Landis Construction served as the general contractor for the renovation project at the Bernstein residence. This defendant did not have a written contract with Landis Construction and dealt primarily with Sal Rubino, whom this defendant understood to be the project manager.

20. Please attach any documentation which substantiates any relationship between Landis and Paul Scuderi, Inc., and Sal Fioritorubino and Paul Scuderi, Inc., and explain the significance of this relationship.

**ANSWER:** Please see Answer to Interrogatory #19. This defendant did provide an estimate for the project, which has been produced, to Sal Rubino and which was approved, according to Mr. Rubino by the owner.

21. State whether Scuderi has been retained, hired or in any other way been involved with Defendant, Landis Construction Corp., with regard to any other construction project involving the installation of a dishwasher, other than the project involved at the subject premises.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information which is neither material nor relevant to the issues involved in this lawsuit. Without waiving said objections, this defendant has not been involved with Landis Construction with regard to any other construction project involving installation of a dishwasher nor did it install the dishwasher at issue in this case.

22. State the steps taken by Paul Scuderi, Inc. to obtain any and all necessary licenses, permits, and any other documentation which needed to be obtained before any electrical work (including any electrical connections) could be performed at the subject premises and attach this documentation to your responses. If no licenses or permits were obtained, explain why not.

**ANSWER:** Paul Scuderi of Paul Scuderi, Inc. held at all relevant times a master electrician license in the District of Columbia. Permits obtained by Scuderi have been produced

6

in the Defendant's 26(a)(1) Disclosures.

23. Please provide the names of any and all materials and/or equipment (including any all electrical connections) used by Paul Scuderi, Inc. to assist in its installation of the dishwasher and attach copies of this documentation with your response. Also provide the dates that these materials were purchased and explain why these materials were necessary to assist in the installation of the dishwasher.

**ANSWER:** Please see Answer to Interrogatory #'s 7 and 10. Information regarding the purchase or use of general electrical material and equipment for this job have been produced.

24. Please state which parties, if any, performed any final inspection of any electrical work performed by Paul Scuderi, Inc. at the subject premises and provided the date(s) when this inspection was conducted, the name of each party who conducted the inspection, and attach any documentation which evidences this inspection.

**ANSWER:** Please see Answer to Interrogatory #13.

25. Please state in as much detail as possible any work performed by Scuderi at the subject premises to the extent not already covered in your Answers to previous Interrogatories.

**ANSWER:** Please see Answer to Interrogatory #10.

From early June through early September 2003 this defendant performed various electrical work at the premises including installation of light fixtures, light fixture housings, relocation of new circuits, relocation of outlets and wiring in cabinets and for under-counter lights, installation in the tying in of new circuits and breakers, installation of light dimmers, installation of outlet boxes and outlets in cabinets, plug strips beneath cabinets, under-counter lights, recessed lights and dimmers and work regarding connection of an oven and convector. This defendant also installed two hanging light fixtures, labeled circuit breakers in the panel and brought to and removed materials from the job site.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

Date 3/29/07                                        By: _____
                                                    Paul Scuderi on behalf of Paul A. Scuderi, Inc.

                                                Respectfully submitted,

                                                ANDERSON & QUINN

                                                _____
                                                John A. Rego #422378
                                                Alice Kelley Scanlon #467103
                                                25 Wood Lane
                                                Rockville, Maryland 20850
                                                (301) 762-3303
                                                *Counsel for Paul A. Scuderi, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007 a copy of the foregoing Answers to Interrogatories was served via first class mail upon:

Eric N. Stravitz, Esquire
2000   Massachusetts Avenue
Suite 200
Washington, DC 20036
*Counsel for Plaintiffs*

Mark E. Utke, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
*Counsel for Plaintiff Federal Insurance Company*

Brian E. Tetro, Esquire
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PC 19103
*Counsel for Plaintiff Hartford Insurance Company*

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 South Washington Street
Rockville, MD 20850
*Counsel for Wuerstlin Appliance Service*

Allan A. Noble, Esquire
Michael J. Budow, Esquire
Budow & Noble, PC
Suite 500 West, Air Rights Building
7315 Wisconsin Avenue
Suite 600
Bethesda, MD 20814
*Counsel for Landis Construction Company*

John A. Rego