IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY : <br> : <br> and : <br> : <br> HARTFORD CASUALTY INSURANCE : <br> COMPANY : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> LANDIS CONSTRUCTION CORPORATION : <br> : <br> and : <br> : <br> WUERSTLIN APPLIANCE SERVICE : <br> : <br> and : <br> : <br> MR. PAUL SCUDERI : <br> : <br>     Defendants. : <br> : | C.A. NO. 1:06CV00379. <br> Magistrate Judge Alan Kay |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANT LANDIS'**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Plaintiffs, Federal Insurance Company ("Federal") and Hartford Casualty Insurance Company ("Hartford"), by and through counsel, file this Joint Opposition to the Motion for Summary Judgment filed by Landis Construction Corporation.

I.  **INTRODUCTION**

The underlying facts of this case are generally not in dispute. The subrogation claim filed by the plaintiffs arises from a fire that occurred on May 9, 2005 at the residence of Beverly B. Bernstein located at 3248 N Street, NW, Washington, DC. As alleged in Plaintiffs' Complaint and generally not disputed by any of the experts in this case, the fire started in the lower right front corner panel of a Bosch dishwasher located in the kitchen of this residence.

Plaintiff, Federal, provided homeowner's property insurance coverage for the contents of the subject home. Plaintiff, Hartford, provided property insurance coverage to the building. Prior to the fire, a renovation had taken place in the kitchen of the subject home. Defendant, Landis Construction Corporation, was the general contractor for the majority of all work. Defendant, Paul Scuderi, provided electrical work for this renovation pursuant to a separate contractual agreement with plaintiffs' insured. Defendant, Wuerstlin Appliance Service, provided warranty repair work for the dishwasher in August of 2004. It is plaintiffs' assertion that each of these defendants bears responsibility for the happening of this fire.

II. **COUNTERSTATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

As previously set forth, the majority of the material facts set forth by defendant Landis are not in dispute. However, several factors preclude an entry of summary judgment in favor of defendant Landis.

Landis entered into a contract with Beverly Bernstein for a complete renovation of her kitchen at a total price of $43,414.60. (DLB[1], Exhibit "D.") It is not disputed that the final contract excluded any electrical work, as this work was being performed under a separate

---

[1] "DLB" refers to the Exhibits attached to Defendant Landis' Motion for Summary Judgment.

contract with defendant Scuderi. (Id., see also DLB, Exhibit "E.") The Scuderi estimate for electrical work is in the amount of $4,855.00 and included a $60.00 charge to rewire the dishwasher in its existing location. (Id., DLB, Exhibit "E.") However, defendant Scuderi claims that he did not perform this work. As set forth at Mr. Scuderi's deposition:

> [By Mr. Utke]
>
> Q: Okay. With respect to the dishwasher located in the kitchen of the Bernstein resident, what, if anything, were you contracted to do with regards to the dishwasher?
>
> [By Mr. Scuderi]
>
> A: I was contracted to make a final connection, electrical connection on the dishwasher.
>
> Q: Okay, and just do the record is clear, what does that mean to you when you say, to make the final connection to the dishwasher?
>
> A: That would be make the final electrical connection to the dishwasher.
>
> Q: Okay, would that be supplying power to the unit so it actually operates?
>
> A: In this case, it meant connecting the power that was already there to the dishwasher.
>
> Q: Okay, at any time did you actually connect the electrical power to the dishwasher?
>
> A: No.
>
> Q: Do you know who connected the power to the electrical dishwasher?
>
> A: I do not.

[Scuderi Transcript, 27:13-28:12, attached as Exhibit "1."]

Mr. Scuderi further acknowledges that he was paid the entire amount set forth in his estimate in the amount of $4,855.00, to include the $60.00 charge for providing the electrical connection to the dishwasher. (Id., 45:3-46:14.)

It is undisputed in this case that the general contractor for this job was Landis Construction Corporation. (DLB, Pg. 2, Para. 1.) It is also undisputed that the only independent contractor at the job site, other than Landis' workers and supervised subcontractors, was Paul Scuderi. In addition, and contrary to defendant Landis' assertion, not a single witness from Landis Construction knows when the electrical connection to the dishwasher was made. By way of example, at the deposition of Christopher Landis, he admitted that he did not know when the electrical connection to the dishwasher was made. (Landis Transcript, 29:5-7, attached as Exhibit "2"). It is reasonable to infer that the lack of such knowledge, also means that Mr. Landis does not know who made such a connection. In addition, at the deposition of Andrew Kerr, Project Manager for Landis Construction, the following responses were given to questions regarding this electrical connection:

> [By Mr. Utke]
>
> Q:   Do you have any personal knowledge about who made the connection, the hardwire connection between the dishwasher power wiring and the house circuit wire?
>
> [By Mr. Kerr]
>
> A:   Between the dishwasher in the house? No.
>
> Q:   Am I correct in saying that's what hardwiring means making those connections?
>
> A:   Yeah. That, generally, yes.
>
> Q:   But you have no personal knowledge of who actually made that connection?

4

      A:    No.

[Andrew Kerr Transcript 30:6-16, attached as Exhibit "3"]

In addition, Mr. Kerr also confirmed that the only workers on-site consisted of the general contractor, Landis Construction, as well as Paul Scuderi, the electrician. As Mr. Kerr stated:

> [By Mr. Utke]
>
> Q: Let me narrow it down. Is it a fair statement that Landis hired a number of subcontractors to work on this project?
>
> [By Mr. Kerr]
>
> A: Yes.
>
> Q: Is it also a fair statement that there was one contractor and that was the electrical contractor that was retained by a different entity?
>
> A: Correct.
>
> Q: Are you aware of any other subcontractors that were hired for this job?
>
> A: No.
>
> Q: At any time, did you see anybody working on the kitchen other than the subcontractors retained by Landis or the Scuderi outfit?
>
> A: I didn't. No.

[Id., 60:22-61:14]

As it applies to this case, sworn testimony of Mr. Scuderi combined with the fact that Scuderi and Landis were the only contractors on site, is dispositive of Landis Construction Corporation's inability to demonstrate that no genuine issue of material fact exists with respect to the identification of the contractor that provided the electrical connection to the dishwasher. Although Mr. Scuderi admits in sworn testimony that he did not connect the power to the dishwasher, the fact remains that the dishwasher was operational when Mr. Scuderi arrived at the

job scene to connect power to other appliances in the kitchen. (Exhibit 1, 45:9-17) At best, Landis Construction Corporation and its principals are only able to state that they are unaware of when the actual electrical connection was made to the dishwasher. Since a genuine issue of material fact exists with respect to the Landis Construction Corporation providing the electrical connection to the dishwasher in the Bernstein home, summary judgment must be denied.

**III.     AS A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING THE IDENTIFICATION OF THE CONTRACTOR THAT PERFORMED THE ELECTRICAL CONNECTION TO THE DISHWASHER, DEFENDANT LANDIS CONSTRUCTION CORPORATION'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is only appropriate if the pleadings on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party, in this case, Plaintiffs. Anderson, 477 U.S. at 255; McKinney v. Dole, 765 F.2d 1129, 1135 (D.C. Cir. 1985); see also Washington Post Co. v. United States Dep't of Washington Post Co., 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v.

6

Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, the mere existence of a factual dispute by itself is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of material fact. See Anderson, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier-of-fact to find in favor of the nonmoving party. See Anderson, 477 U.S. at 248-50; Laningham v. United States Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

It is not disputed that defendants Landis and Scuderi had individual contracts for specific job duties in the Bernstein kitchen renovation project. However, it is also undisputed that these are the only two contractors who were performing work in the Bernstein kitchen. In sworn testimony, Mr. Scuderi states that he arrived at the Bernstein kitchen for the purpose of providing electrical connections to appliances, to include the dishwasher which is at issue in this case. (Exhibit 1, 45:9-17) Upon his arrival, the dishwasher had already been connected to the electrical power source. (Id.).

Such an electrical connection is not a difficult undertaking. In fact, when Mr. Scuderi was asked at his deposition as to why it was that he did not check the electrical connection that had been made on the dishwasher, he responded:

> In my 25 years in business, it is customary that appliances like this can be installed and wired by someone else working on the job. And because of that past, I did not feel it necessary to pull the cover off the dishwasher and check the connection.

[Exhibit 1, 46:15-47:3]

Indeed, even Mr. Kerr acknowledged at his deposition that the wiring of a dishwasher is not a particularly difficult electrical job. (Exhibit 2, 68:5-19).

As it applies to this case, a jury of reasonable minds could conclude that Mr. Scuderi is telling the truth when he states that the dishwasher was connected to electrical power when he arrived at the site to connect electricity to the other appliances. It is also well within reason to anticipate that a jury will believe Mr. Scuderi when he states that he did not make the electrical connection to the dishwasher. The only remaining contractor at this site that could potentially make such a connection is Landis and/or subcontractors under the control of Landis.

It is well settled that a general contractor is charged with a non-delegable duty, notwithstanding the retention of a subcontractor, to insure that the work is completed safely and properly. <u>Traudt v. Potomac Electric Power Company</u>, 692 A.2d 1326, 1328 (D.C. App. 1997) (defendant that maintains supervisory control over the operative detail or methods of the work performed may be subject to liability); <u>Restatement (2d) of Torts</u> § 414. As it applies to this case, while Landis Construction Corporation did not maintain control over defendant Scuderi and/or the methods he employed in performing his work, defendant Landis did maintain control over its workers and other subcontractors that were retained pursuant to the contract dated May 12, 2003 for the renovation project of the kitchen in which Landis was paid a total sum of $43,414.60.

As a genuine issue of material fact exist as to the identification of the individual or contractor that made the electrical connection between the power supply and the dishwasher in question and a jury of reasonable minds could conclude that Landis Construction Corporation was the only potential entity that could have made this connection, the defendant's Motion for Summary Judgment must be denied.

## IV. **CONCLUSION**

For the aforementioned reasons, it is respectfully asserted that the defendant Landis Construction Corporation's Motion for Summary Judgment should be denied.

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

Date:  5/30/08              BY:   /s/ Eric N. Stravitz
                                  ERIC N. STRAVITZ  (D.C. Bar #438093)
                                  1307 New Hampshire Avenue, N.W.
                                  Suite 400
                                  Washington, D.C.  20036
                                  202-463-0303
                                  e-mail:  eric@metroDClaw.com

                                  *Attorneys for Plaintiffs,*
                                  *Federal Insurance Company and*
                                  *Hartford Casualty Insurance Company*

**OF COUNSEL:**
COZEN O'CONNOR
MARK E. UTKE
1900 Market Street
Philadelphia, PA  19103
215-665-2164

*Attorneys for Plaintiff, Federal Insurance Company*

WHITE AND WILLIAMS LLP
Brian E. Tetro, Esquire
1800 One Liberty Place
Philadelphia, PA  19103
215-864-7070

*Attorneys for Plaintiff, Hartford Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br><br>and<br><br>HARTFORD CASUALTY<br>INSURANCE COMPANY<br><br>   Plaintiffs<br><br>v.<br><br>LANDIS CONSTRUCTION CORPORATION<br><br>and<br><br>WUERSTLIN APPLIANCE SERVICE<br><br>and<br><br>MR. PAUL SCUDERI<br><br>   Defendants. | C.A. NO. 1:06CV00379.<br>Magistrate Judge Alan Kay |

**PLAINTIFFS' JOINT RESPONSE
TO DEFENDANT LANDIS' STATEMENT OF MATERIAL FACTS**

  1.  Not disputed.

  2.  Not disputed. The March 20, 2003 contract also included a charge of $1,250 for installation of all necessary appliances.

  3.  Not disputed. The April 28, 2003 contract also included a charge of $1,250 for installation of all necessary appliances.

  4.  The substance of this statement is not disputed.

  5.  Not disputed.

6. Disputed as stated. Paul Scuderi was retained for the purpose of performing electrical work in the subject kitchen. However, Scuderi testified that he did not perform the electrical connection of the dishwasher. [Scuderi Transcript, 27:13-28:12, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "1"]. Mr. Scuderi denies performing this electrical work and also states that the electrical connection was completed when he arrived at the work site to connect the appliance. [Id.] The only other contractor on site was Landis Construction Company. [Andrew Kerr, Transcript, 60:22-61:14, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "3"]

7. Not disputed.

8. Not disputed.

9. Not disputed.

10. Not disputed.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Disputed. Mr. Kerr stated he has no personal knowledge of who made the electrical connection for the dishwasher. [Id., 30:6-16].

15. Not disputed.

16. Disputed as stated. According to the contract, this was the nature of Landis Construction Company's contractual duty, however, since Mr. Scuderi denies making the electrical connection to the dishwasher and the only other contractor on site was Landis Construction Corporation, it is reasonable to infer that an employee or subcontractor of Landis Construction Corporation made the electrical connection to the dishwasher. [Scuderi Transcript, 27:13-28:12, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "1"; Andrew

Kerr, Transcript, 60:22-61:14, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "3"] Landis Construction Corporation also tested the dishwasher to ensure that it was properly installed. [Kerr Transcript, 28:2-29:1].

17. Disputed as stated. Nothing contained within the contract precluded Landis Construction Corporation from performing any work at the Bernstein residence.

18. Not disputed. Andrew Kerr was on the job scene and coordinated in person and by telephone with defendant Paul Scuderi. [Kerr Transcript, 32:13-33:2]

19. Denied as stated. Mr. Kerr specifically stated at his deposition that he coordinated in person and by telephone with defendant Scuderi for the purpose of coordinating for the installation of electrical work. [Id.]

20. Denied as stated. Mr. Kerr testified that he advises his employees not to perform work that they are not qualified to do. [Kerr transcript, 63:11-16]. Whether this qualifies as "affirmative steps" is an issue of fact for the jury. Landis Construction is the only contractor on site other than Mr. Scuderi that could have possibly made the electrical connection to the dishwasher. [Scuderi Transcript, 27:13-28:12, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "1"; Andrew Kerr, Transcript, 60:22-61:14, attached to Plaintiffs' Counter Statement of Material Facts as Exhibit "3"]

21. It is not disputed that Mr. Scuderi did not have a written contract with Landis Construction. However, employees of Landis Construction coordinated directly with Mr. Scuderi for the purpose of scheduling electrical work.

22. Disputed as stated. Mr. Scuderi testified that it was his understanding that the project was being run by Sal Fiorito. This does not equate to Mr. Fiorito being the individual that was coordinating the entire renovation project.

23. Not disputed.

24. Not disputed.

                                            Respectfully submitted,

                                            MESIROW & STRAVITZ, PLLC

Dated: 5/30/08                        BY: /s/ Eric N. Stravitz
                                                    ERIC N. STRAVITZ
                                                    (D.C. Bar #438093)
                                                    1307 New Hampshire Avenue, N.W.
                                                    Suite 400
                                                    Washington, D.C. 20036
                                                    202-463-0303
                                                    e-mail: eric@metroDClaw.com

                                                    *Attorneys for Plaintiffs,*
                                                    *Federal Insurance Company and*
                                                    *Hartford Casualty Insurance Company*

**OF COUNSEL:**
COZEN O'CONNOR
MARK E. UTKE
1900 Market Street
Philadelphia, PA 19103
215-665-2164

*Attorneys for Plaintiff, Federal Insurance Company*


WHITE AND WILLIAMS LLP
Brian E. Tetro, Esquire
1800 One Liberty Place
Philadelphia, PA 19103
215-864-7070

*Attorneys for Plaintiff, Hartford Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY : <br> : <br> and : <br> : <br> HARTFORD CASUALTY : <br> INSURANCE COMPANY : <br> : <br> Plaintiffs : <br> : <br> v. : <br> : <br> LANDIS CONSTRUCTION CORPORATION : <br> : <br> and : <br> : <br> WUERSTLIN APPLIANCE SERVICE : <br> : <br> and : <br> : <br> MR. PAUL SCUDERI : <br> : <br> Defendants. : | C.A. NO. 1:06CV00379. <br> Magistrate Judge Alan Kay |

**PLAINTIFFS' JOINT COUNTERSTATEMENT OF MATERIAL FACTS IN
RESPONSE TO DEFENDANT LANDIS' MOTION FOR SUMMARY JUDGMENT**

    1.    Defendant Scuderi has testified that he did not perform the electrical connection between the dishwasher and the electrical supply.

    2.    At his deposition, Mr. Scuderi testified as follows:

[By Mr. Utke]

Q:    Okay. With respect to the dishwasher located in the kitchen of the Bernstein resident, what, if anything, were you contracted to do with regards to the dishwasher?

[By Mr. Scuderi]

A:  I was contracted to make a final connection, electrical connection on the dishwasher.

Q:  Okay, and just do the record is clear, what does that mean to you when you say, to make the final connection to the dishwasher?

A:  That would be make the final electrical connection to the dishwasher.

Q:  Okay, would that be supplying power to the unit so it actually operates?

A:  In this case, it meant connecting the power that was already there to the dishwasher.

Q:  Okay, at any time did you actually connect the electrical power to the dishwasher?

A:  No.

Q:  Do you know who connected the power to the electrical dishwasher?

A:  I do not.

[Scuderi Transcript, 27:13-28:12, attached as Exhibit "1"].

3. Mr. Scuderi acknowledges that he was paid the entire amount set forth in his estimate in the amount of $4,855.00, to include the $60.00 charge for providing the electrical connection to the dishwasher. (Id., 45:3-46:14).

4. The general contractor for this job was Landis Construction Corporation. (DLB, Pg. 2, Para. 1).

5. The only independent contractor at the job site, other than Landis' workers and supervised subcontractors, was Paul Scuderi.

6. Christopher Landis testified that he did not know when the electrical connection to the dishwasher was made. (Landis Transcript, 29:5-7, attached as Exhibit "2").

7.      Andrew Kerr, Project Manager for Landis Construction, provided the following responses to questions regarding this electrical connection:

[By Mr. Utke]

Q:   Do you have any personal knowledge about who made the connection, the hardwire connection between the dishwasher power wiring and the house circuit wire?

[By Mr. Kerr]

A:   Between the dishwasher in the house? No.

Q:   Am I correct in saying that's what hardwiring means making those connections?

A:   Yeah. That, generally, yes.

Q:   But you have no personal knowledge of who actually made that connection?

A:   No.

[Andrew Kerr, Transcript 30:6-16, attached as Exhibit "3"].

8.      Mr. Kerr testified that the only workers on-site consisted of the general contractor, Landis Construction, as well as Paul Scuderi, the electrician. [Id., 60:22-61:14].

Respectfully submitted,

MESIROW & STRAVITZ, PLLC

Dated: 5/30/08          BY:   /s/ Eric N. Stravitz
                              ERIC N. STRAVITZ
                              (D.C. Bar #438093)
                              1307 New Hampshire Avenue, N.W.
                              Suite 400
                              Washington, D.C.  20036
                              202-463-0303
                              e-mail:  eric@metroDClaw.com

                              *Attorneys for Plaintiffs,*
                              *Federal Insurance Company and*
                              *Hartford Casualty Insurance Company*

**OF COUNSEL:**
COZEN O'CONNOR
MARK E. UTKE
1900 Market Street
Philadelphia, PA  19103
215-665-2164

*Attorneys for Plaintiff, Federal Insurance Company*

WHITE AND WILLIAMS LLP
Brian E. Tetro, Esquire
1800 One Liberty Place
Philadelphia, PA  19103
215-864-7070

*Attorneys for Plaintiff, Hartford Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing proposed Order Denying Defendant Landis' Motion for Summary Judgment; Plaintiffs' Joint Opposition to Defendant Landis' Motion for Summary Judgment; Plaintiffs' Joint Response to Defendant Landis' Statement of Material Facts; Plaintiffs' Joint Counter Statement of Material Facts in Response to Defendant Landis' Motion for Summary Judgment, as well as the Exhibits thereto, are being served upon the individuals listed below via e-filing on May 30, 2008.

Edward J. Brown, Esquire
MCCARTHY WILSON, LLP
100 South Washington Street
Rockville, MD 20850
*Counsel for Wuerstlin Appliance Service*

Allan A. Noble, Esquire
BUDOW & NOBLE, PC
Suite 500 West, Air Rights Building
7315 Wisconsin Avenue, Suite 600
Bethesda, MD 20814
*Counsel for Landis Construction Company*

John A. Rego, Esquire
ANDERSON & QUINN
25 Wood Lane
Rockville, MD 20850
*Counsel for Paul A. Scuderi*

　　　　　　　　　　　　　　　　　　　　/s/ Eric N. Stravitz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY : | C.A. NO. 1:06CV00379. |
| : | Magistrate Judge Alan Kay |
| and : | |
| HARTFORD CASUALTY : | |
| INSURANCE COMPANY : | |
| Plaintiffs : | |
| v. : | |
| LANDIS CONSTRUCTION CORPORATION : | |
| and : | |
| WUERSTLIN APPLIANCE SERVICE : | |
| and : | |
| MR. PAUL SCUDERI : | |
| Defendants. : | |

**ORDER DENYING DEFENDANT**
**LANDIS' MOTION FOR SUMMARY JUDGMENT**

Upon considering the Motion for Summary Judgment filed by Defendant, Landis Construction Corporation, and any opposition in reply and any argument thereto, it is this ____ day of _____ , 2008;

**ORDERED** that the Motion is **DENIED.**

_____
ALAN KAY, U.S.M.J.

19

**Copies To:**

Edward J. Brown, Esquire
MCCARTHY WILSON, LLP
100 South Washington Street
Rockville, MD 20850
*Counsel for Wuerstlin Appliance Service*

Allan A. Noble, Esquire
BUDOW & NOBLE, PC
Suite 500 West, Air Rights Building
7315 Wisconsin Avenue, Suite 600
Bethesda, MD 20814
*Counsel for Landis Construction Company*

John A. Rego, Esquire
ANDERSON & QUINN
25 Wood Lane
Rockville, MD 20850
*Counsel for Paul A. Scuderi*

Brian E. Tetro, Esquire
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
*Counsel for Hartford Casualty Insurance Company*

Mark E. Utke, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
*Counsel for Federal Insurance Company*

Eric N. Stravitz, Esquire
MESIROW & STRAVITZ, PLLC
1307 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20036
*Counsel for Plaintiffs Federal Insurance Company*
*and Hartford Casualty Insurance Company*
