IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY<br><br>and<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>LANDIS CONSTRUCTION CORPORATION<br><br>and<br><br>WUERSTLIN APPLIANCE SERVICE<br><br>and<br><br>MR. PAUL SCUDERI<br><br>　　　Defendants. | Case No. <u>1:06CV00379</u><br>Magistrate Judge Alan Kay |

**DEFENDANT LANDIS CONSTRUCTION CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

Comes now the Defendant, Landis Construction Corporation, by and through their attorneys, Budow and Noble, P.C. and Allan A. Noble, and hereby files this Defendant Landis Construction Corporation's Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to its Motion for Summary Judgment.

Any successful Opposition to Landis' Motion for Summary Judgment would necessarily have to either (1) introduce competent evidence that an employee of Landis provided the electrical connection to the dishwasher; and/or (2) identify a viable legal

theory under which Landis would be held liable for the poor dishwasher connection by a phantom installer. Plaintiffs' case against Landis fails at the summary judgment phase of this case, because it can do neither.

Plaintiffs are either unwilling or unable to ascertain who physically provided an electrical connection for the dishwasher. Plaintiffs asked only a limited number of individuals whether they or anyone they knew connected the dishwasher. None of those witnesses were able to provide any useful information as to who actually connected the dishwasher. The end result is that Plaintiffs have failed to establish any genuine issue of material fact for which they bear the burden of proof at trial, namely that anyone from Landis connected the dishwasher.

Plaintiffs' Opposition, Section III, attempts to circumvent this dilemma by arguing that Mr. Scuderi's denial creates a genuine dispute as to Landis' assertion that it did not make the connection. Because Plaintiffs bear the burden of proof that someone at Landis provided the connection, their failure to identify <u>any</u> evidence to dispute Landis' assertion means that summary judgment in favor of Landis is appropriate as to this issue. *See generally* <u>Edwards v. Consolidated Rail Corp.</u>, 567 F. Supp. 1087 (D.C.D.C.,1983). Plaintiffs' insurmountable obstacle lies in the fact that they have undertaken to establish that Landis is liable for a faulty electrical connection when no one has the slightest notion as to who actually provided the connection at issue.

Secondly, Plaintiffs' case falls short because they fail to identify any viable legal theory under which Landis could be found responsible for the electrical connection regardless of who made it. Plaintiffs' Opposition argues that Landis, as general contractor, was responsible for "insur[ing] that the work is completed safely and properly," citing <u>Traudt</u>

v. Potomac Electric Power Company to support this proposition of law. 692 A.2d 1326, 1328 (D.C. App. 1997). This is an incorrect recitation of the holding in Traudt under the facts of the present lawsuit.

It is worth noting at the outset that Traudt addresses whether the general contractor, PEPCO, under specific statutory and common law provisions not applicable in this case, owed a "duty to provide employees - whether its own or those of an independent contractor - with a safe place of employment." Id, at 1329. It does not address what, if any, duties a general contractor owes the client for work done by its subcontractors. It does not address what, if any, duties a general contractor owes a client for work specifically excluded from the final contract and for which it was not paid. Finally, Traudt, similar to Plaintiffs' Opposition, fails to address any legal theory under which a general contractor can be held liable to the client for alleged negligence committed by an unknown person or entity which may or may not be remotely connected in privity or otherwise.

Plaintiffs misstate the facts as to Landis' position in this case. It is undisputed that Landis was not the general contractor for any electrical work. Landis' Motion for Summary Judgment demonstrates that it did not contract to make the electrical connection for the dishwasher; that Plaintiffs' insured (through her agent) specifically elected for Landis not provide this service; and finally that another entity (not Landis) agreed to take responsibility for and was indeed paid for rendering this service. None of these significant factors were appropriately addressed in Plaintiffs' Opposition. All of these factors point to only one conclusion: Landis had nothing to do with this connection and is not liable as a matter of law.

**BUDOW AND NOBLE, P.C.**

/s/
_____
Allan A. Noble, 166926
Suite 500 West, Air Rights Center
7315 Wisconsin Avenue
Bethesda, Maryland 20814
(301) 654-0896
*Counsel for Landis Construction Corporation*

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the foregoing Defendant Landis Construction Corporation's Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Its Motion for Summary Judgment was electronically filed and served this 8th day of July, 2008, to the following:

Eric N. Stravitz, Esquire
Mesirow & Stravitz, PLLC
1307 New Hampshire Avenue
Suite 400
Washington, D.C. 20036
*Counsel for Plaintiffs Federal Insurance Company and Hartford Casualty Insurance Company*

Brian E. Tetro, Esquire
White and Williams
1800 One Liberty Place
Philadelphia, PA 19103
*Counsel for Plaintiff Hartford Casualty Insurance Company*

Mark E. Utke, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
*Counsel for Plaintiff Federal Insurance Company*

Edward J. Brown, Esquire
McCarthy Wilson, LLP
100 S. Washington Street
Rockville, Maryland 20850
*Counsel for Defendant Wuerstlin Appliance Service*

John A. Rego, Esquire
ANDERSON & QUINN, LLC
25 Wood Lane
Rockville, MD 20850
*Counsel for Defendant Paul Scuderi*

_/s/_____
Allan A. Noble