IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| FEDERAL INSURANCE COMPANY : | |
| and : | |
| HARTFORD CASUALTY INSURANCE : COMPANY | |
| Plaintiffs : | |
| v. : : | **Case No. 1:06CV00379** Magistrate Judge Alan Kay |
| LANDIS CONSTRUCTION : CORPORATION | |
| and : | |
| WUERSTLIN APPLIANCE SERVICE : | |
| and : | |
| PAUL A. SCUDERI, INC. : | |
| Defendants : | |

**DEFENDNT WUERSTLIN APPLIANCE SERVICE'S REPLY TO PLAINTIFFS' OPPOSITON TO MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR HEARING**

COMES NOW Defendant Wuerstlin Appliance Service by its attorney Edward J. Brown and files this Reply to Plaintiffs' Opposition to Defendant Wuerstlin and Scuderi's Joint Motion for Summary Judgment and states

**I. PLAINTIFFS' INABILITY TO PROVE KEY ELEMENTS OF THEIR CASE DOES NOT CREATE DISPUTES OF MATERIAL FACT; RATHER, THE ABSENCE OF EVIDENCE CREATES AN INABILITY TO CARRY THEIR BURDEN OF PROOF AND SUMMARY JUDGMENT IS APPROPRIATE.**

1

Plaintiffs' Reply actually serves to confirm each Defendants' position that, even when the evidence is viewed in the light most favorable to Plaintiffs, there is simply an absence of <u>legally sufficient evidence</u> as to the critical elements of their case, most notably proof of "who did what" and "what (if anything) did anyone's actions cause". Thus, if the case was presented to a jury today , they would have to engage in the worst form of rank speculation to try to guess as to why any one the various entities, parties and non-parties alike,  with access to this troubled appliance could be deemed to be responsible for the fire.

It is troubling, more than TWO YEARS into this litigation, with the extensive, indeed massive, amounts of discovery which have been performed, that Plaintiffs can only allege that Wuerstlin should remain in the case because it "created **and/or** perpetuated the improper connection. (emph. Supplied.).  With respect to "created' the Court need look no further than the Plaintiffs' own Memorandum, to find that they inconsistently state that:

1) "Scuderi's negligence in improperly connecting the subject dishwater" was the cause of the fire.  Memo a p 7.  Again, at p 10, wherein Plaintiffs deny the contention "that Scuderi did not make the electrical connection at issue'

2) Worse, Plaintiffs then add a third person to the mix, stating that Plaintiff  (through the subrogee homeowner's agent Rubino) testified that "either Scuderi or Landis had to have made the connection." Memo at P 11, paragraph 49.

It is apparent that Plaintiffs mistakenly believe that any factual dispute is enough to defeat a Motion for Summary Judgment. This is not the law. Rather, once facts are properly established by the Defendants through admissible evidence, the Plaintiffs must show that legally admissible evidence which would support their case if presented at trial exists and is disputed, such that the fact or inference could satisfy an element of their burden of proof.

By Plaintiffs' own concessions, they have only established that there is an unanswered, and perhaps unanswerable, question, as opposed to a genuine dispute of <u>material fact</u>, as to who actually made the connection at issue. However, the answer to that question is that Plaintiffs do not possess legally sufficient proof to carry their burden, but can only present multiple conjectures as to who created the alleged connection. Stated bluntly, if Plaintiffs in their own Opposition concede: "Well, it must be Scuderi, but then again it could be Landis, but come to think of it might be Wuerstlin", they have essentially proven nothing.

The issue is further compounded by the fact, which Plaintiffs essentially elect to ignore in their Opposition, that none of the Defendants were in exclusive possession or control of the dishwasher, and particularly were not in possession, control, or even had access to the appliance in the nine months prior to the fire, which included the time when a new problem appeared and was remedied. Plaintiffs' only response appears to be to concede that although there was indeed an electrician at the house, who was in fact reprimanded for performing work in the residence (kitchen), he, or at least the apartment

3

manager Chris Wallace, denied that he performed work with regard to the residence and specifically the kitchen renovation project. Unfortunately for Plaintiffs, these denials simply add to the absence of proof.

While Defendants strongly suspect that either Mr. Barclay the electrician and/or Mr. Fiorito, the homeowner's agent (who inexplicably went out of his way to acquire knowledge of how a dishwasher such as this one electrically connected, while adamantly denying he performed the connection), are the more likely culprits, the undisputed fact is that multiple denials, without actual proof, cannot satisfy Plaintiffs' **burden** of proof. Indeed, that is exactly why its referred to as a **buden.** Stated otherwise, if the most favorable inference evidence simply indicates that at least one of multiple possible suspects committed the act, the burden has not, as a matter of law been met, as no one possibility can be proven by admissible and legally sufficient evidence to reach the point of probability.

Plaintiff also tries to contend that the evidence is also legally sufficient to prove that, even if they're wrong that Wuerstlin created the situation, summary judgment should be denied because there is proof that he "perpetuated" a situation. Since the plaintiffs cannot establish the identity of the person or entity who allegedly created the alleged connection, and thus can not prove when the connection was made, any contentions as to Wuerstlin somehow perpetuating the situation must fail.

Furthermore, in Part III paragraph 4 of their Opposition, Plaintiffs apparently concede that the only potential evidence they have garnered against Wuerstlin is Mr. Smith, the technician's, testimony that he would "typically" disconnect the connection **if**

4

**the electrical power line was not long enough.** Even assuming *arguendo* that this would satisfy the legal admissibility test under a habit and custom exception, there still must be some proof that:

    a) the power supply line was not long enough; and

    b) that a typical setting was at hand so that a typical, i.e. customary and habitual response would be taken.

The absence of prerequisite (a) has been established via Mr. Scuderi.

    The absence of prerequisite (b) is established by Mr. Smith, the sole witness upon whom plaintiffs rely, as this technician was unequivocal that , **if he had to disconnect the connection due to inadequate line length, he would have reconnected it in the junction box, and would not have done any work whatsoever if the junction box was absent at the time of his service call** (and again, it must be noted that this service call approximately nine months before the fire was for an issue unrelated to the "drying problem" service call which plaintiffs' witnesses reported, and expert recorded, occurred within the four months immediately prior to the fire.)

    Plaintiffs, if they intend to base their entire "perpetuation theory' on an inapplicable custom and habit type argument, cannot simply pick and choose the evidence that might fit the theory and ignore the true facts as testified to the witness as to his practices. Plaintiffs have simply failed to address,. let alone rebut in any way so as to raise a material factual dispute, Mr. Smith's testimony which was included as Exhibit 14:

    **Q: Once the toe plate is taken off, can you tell me whether the junction box for the dishwasher is visible?**

>   **A.  Yes, sir.**
>
>   **Q.  If a junction box was not present, is that something that you would note on your invoice?**
>
>   **A.  If a junction box was not present, sir, the unit wouldn't be touched, and Mr. Wuerstlin would be notified.**
>
>   **Q.  Why is that?**
>
>   **A.     Because that is improper procedure for us.  The unit is not complete and we won't touch a unit that is not complete.**

Accordingly, plaintiffs cannot salvage their case by trying to bootstrap the custom and habit which is followed when one set of circumstances (which have not been proven) exist, but ignoring the actual customary and habitual practices which would have been followed had this condition existed, and thus Plaintiffs' perpetuation theory also fails as a matter of law as unsupported by any legal sufficient and/or probative evidence.

Finally, and without unnecessarily repeating the Co-Defendants' submissions as to expert Neary's testimony, one need look no further than the Plaintiffs' expert's own concession that he didn't know at the time of his report **or** at the time of his deposition of any beading or arcing which could raise his theory beyond the level of speculation:

>   **Q.  ..The area that you have a red arrow on figure 6 on Page 9 of your report, is the area you think is beading significant electrical arcing, where do you think that area of that area of that red arrow would have been under the four corners of the dishwasher?**
>
>   **A.  Yes.**
>
>   **R.  Where?**
>
>   **A.  It would have been somewhere—I can't tell you exactly, because we don't know where the wire actually ended in the dishwasher.**

6

**Q . Can you give me an approximation?**

A. No I don't want to speculate.

Q.  So  this could have been anywhere on this line?

Q And by this line, I mean the line in figure 1 that goes from the left side wall to the end point.

A.  Right

Thus, Plaintiffs' self serving interpretation that Mr. Neary's comments were limited to just one end of the line are disproven by the record, as the question covered the wire from its origin under the dishwasher at the wall, to its connection at the other end. Curiously, but tellingly, absent from plaintiffs; Opposition is any evidence from Mr. Neary indicating that he shares the Plaintiff's incorrect interpretation, an interpretation is further belied by reading this section of the deposition (Exhibit 18) in context.

**II. CONCLUSION**

Plaintiffs cannot simply ignore the multiple problems with the dishwasher, the absence of exclusive control by any defendant, the access to the appliance by plaintiffs' many agents and servants, the actual testimony of Mr. Scuderi, Mr. Smith and indeed their own electrical engineering expert Mr. Neary, the reported service call by a still unknown entity approximately just four months before the fire, and then blindly assert there are factual issues that prevent the entry of summary judgment. "Dispute as to material facts" is not synonymous with unanswered, and perhaps unanswerable, questions.  Indeed, it is the absence of

evidence to support these essential questions , i.e "who", "what" and "when" which equates, legally, to an inability to satisfy the burden of proof, and thus summary judgment is appropriate.  Plaintiffs fail to appreciate that, even if they elect to ignore  the uncontradicted evidence from Mr. Scuderi and Mr. Smith, or even if they think they can somehow impeach either witness so neither is believed, they still don't have actual affirmative evidence, but rather remain at a zero sum.

.

_____/s/_____
Edward J. Brown, Esquire  #414365
The Law Office of Edward J. Brown, LLC
3290  N. Ridge Rd.
Suite 210
Ellicott City, Maryland 21043
410-465-5291
Brown@BudBrownLaw.com

*Attorneys for Defendant*
*Wuerstlin Appliance Service*

**REQUEST FOR HEARING**

A hearing is respectfully requested by Defendants Wuerstlin and Scuderi on the Joint Motion for Summary Judgment

                                                             ___/s/_____

                                                             Edward J. Brown

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2008, a copy of the foregoing Notice of Striking Appearance and Notice of Change of Address was mailed, first class, postage prepaid to:

Eric N Stravitz, Esquire
2000 Massachusetts Avenue
Suite 200
Washington, D.C. 20036
*Attorney for Plaintiffs*

Mark E. Utke, Esquire
COZEN & O'CONNOR
1900 Market Street
Philadelphia, PA 19103
*Attorneys for Plaintiff Federal Insurance Company*

Brian E. Tetro, Esquire
WHITE & WILLIAMS, LLP
1800 One Liberty Place
Philadelphia, PA 19103
*Counsel for Plaintiff Harford Insurance Company*

Alan A. Noble, Esquire
Michael J. Budow, Esquire
BUDOW & NOBLE, P.C.
Suite 500 West , Air Rights Building
7315 Wisconsin Avenue
Suite 600
Bethesda, MD 20814
*Counsel for Landis Construction Company*

John A. Rego, Esquire
ANDERSON & QUINN, LLC
25 Wood Lane
Rockville, MD  20850
*Attorney for Paul A. Scuderi*

               _____/s/_____
               Edward J. Brown