UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL INSURANCE, COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> LANDIS CONSTRUCTION CORPORATION and WUERSTLIN APPLIANCE SERVICE and PAUL A. SCUDERI, <br><br> Defendants. | Civil Action No. 06-00379 (AK) |

### MEMORANDUM ORDER

Pending before the Court are Defendant Landis Construction Corporation's ("Landis") Motion for Summary Judgment [53] ("Landis Mot."); Plaintiffs Federal Insurance Company and Hartford Casualty Insurance Company's ("Plaintiffs") Opposition [56] ("Pls.' Opp'n to Landis"); and the reply by Landis Construction Corporation [60]. Also pending are Defendants Paul A. Scuderi ("Scuderi") and Weurstlin Appliance Services's ("Weurslin") Joint Motion for Summary Judgment [54] ("S & W Mot."); Plaintiffs Federal Insurance Company and Hartford Casualty Insurance Company's Opposition [57] ("Pls.' Opp'n to S & W"); and the replies by Paul A. Scuderi [62] and Weurstlin Appliance Services [61].

1

**I.    Background**[1]

This dispute centers upon a fire which occurred on May 9, 2005 at the home of Mrs. Beverly Bernstein, which caused extensive damage to her premises. (Pls.' Compl. [1] at ¶18.) The parties agree that the fire originated in or around Mrs. Bernstein's dishwasher. (Landis Mot. at 2; Pls.' Opp'n to Landis at 2; S & W Mot. at 2.) Plaintiff insurance companies bring this subrogation claim on behalf of their insured, Mrs. Bernstein, alleging Defendants' negligence served as a direct and proximate cause of the fire and that Defendants' actions constituted a breach of warranty and contract with Mrs. Bernstein. (Pls.' Compl. at 5-11.)

In early 2003, Mrs. Bernstein's assistant, Ms. Margaret Rubino, or Ms. Rubino's husband, Mr. Sal Fiorito, contacted Landis Construction Corporation ("Landis") concerning the proposed remodeling of Mrs. Bernstein's kitchen. (Landis Mot. at 4.) Landis responded on March 20, 2003 with an cost estimate of the electrical work necessary for the project. (*Id.,* Ex. A [Bernstein kitchen estimate].) Landis subsequently amended and increased this estimate. (*Id.*, Ex. B [Revised kitchen estimate].) On the basis of this increase, Ms. Rubino elected to hire an independent electrician for the kitchen project. (*Id.* at 4.) Landis claims no involvement with the subsequent electrical work in the kitchen including the connection for the dishwasher.[2] (*Id.*, Ex. I [Dep. of Andrew Kerr, Landis project manager] at 26-27.)

In the Spring of 2003, Ms. Rubino or Mr. Fiorito contacted Mr. Paul A. Scuderi to handle

---

[1] The Background section of this Memorandum Order draws largely on Defendant Landis's Statement of Material Facts Not in Dispute. (Landis Mot. at 3-9.) Plaintiffs acknowledge that "the majority of the material facts set forth by defendant Landis are not in dispute." (Pls.' Opp'n to Landis at 2.) Plaintiffs contend other material facts remain at issue, precluding the entry of summary judgment. (*Id.*)

[2] Plaintiffs concede that "the final contract [between Landis and Mrs. Bernstein] excluded any electrical work." (Pls.' Opp'n to Landis at 2.)

the kitchen electrical work. (S & W Mot. at 3.) Mr. Scuderi submitted a project bid on April 21, 2003, for the electrical work, which Mrs. Bernstein's representatives accepted. (*Id.*, Ex. 2 [Scuderi estimate].) Mr. Scuderi's bid included a $60 charge to "[r]ewire DW in existing location." (S & W Mot., Ex. 2.) The parties understood "DW" to refer to the dishwasher.[3] (Landis's Mot. at 5.) Mr. Scuderi obtained the permits required to complete the electrical work. (*Id.*, Ex. H [Electrical permits].) From June through September of 2003, Mr. Scuderi completed a variety of project tasks including the installation of new circuits and light fixtures. (S & W Mot. at 3.) Additionally, in early to mid-June, Mr. Scuderi moved the dishwasher circuit to a new switch box and installed an electrical coil for future connection to the dishwasher. (*Id.* at 4.) Mr. Scuderi utilized "BX" metal clad wire during his work. (*Id.*) Plaintiffs' fire expert concluded that improperly connected "ROMEX" wires caused the heating in the dishwasher that led to the fire. (*Id.*, Ex. 18 [Dep. of Robert A. Neary] at 211-212, 218-220.) Mr. Scuderi insists he never made the final connection between the dishwasher and the electrical supply. (S & W Mot. at 4.)

On August 11, 2004, Wuerstlin Appliance Service ("Wuerstlin") performed warranty work on the dishwasher. (*Id.*, Ex. 14 [Dep. of Tommy D. Smith, Wuerstlin technician] at 134.) This work entailed the replacement of a circulating pump motor. (*Id.* at 110.) Generally, the motor replacement would not involve disconnecting or handling the internal wiring of a dishwasher. (S & W Mot. at 9.) The Wuerstlin technician did not use "fish tape" during the August visit. (*Id.* at 9-10.) Plaintiffs' fire expert discovered the presence of this tape under the

---

[3] Mr. Scuderi agrees that the $60 charge covered the rewiring of the dishwasher and that he received payment for this service. (S & W Mot. at 4.) However, Mr. Scuderi asserts the charge also covered a number of other tasks related to the dishwasher.

dishwasher during his investigation. (*Id.,* Ex. 17 [Dep. of Michael E. Schaal] at 76.) The dishwasher possibly received another service call from an unknown technician approximately four months before the fire.[4] (*Id.* at 92-94, 100.)

## II.     Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord. Celotex Corp. v. Catrett,* 477 U.S. 317, 232 (1986); *Valles-Hall v. Ctr. For Nonprofit Advancement*, 481 F. Supp. 2d 118, 138 (D.D.C. 2007). To qualify as a genuine dispute, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, *Inc.,* 477 U.S. 242, 248 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). Material facts only encompass information that "might affect the outcome of the suit under the governing law." *Id*. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex,* 477, U.S. at 322; *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

Before awarding summary judgment, the court must afford the nonmovant "all justifiable inferences" and accept the evidence presented by the nonmovant as true. *Anderson*, 447 U.S. at 255; *Mulhern v. Gates*, 525 F. Supp. 2d 174, 180 (D.D.C., 2007). However, if the movant meets their initial burden, the nomovant must respond with "specific facts showing that there is a genuine issue for trial" and not "rest upon the mere allegations or denials of his pleadings."

---

[4] Mrs. Rubino may have told Plaintiffs' fire expert, Mr. Schaal, about this final service visit. However, Mr. Schaal cannot precisely recall the conversation and no documentation confirms this servicing. (Pls.' Opp'n to S & W at 22.)

*Anderson*, 477 U.S. at 248. A response which only "show[s] that there is some metaphysical doubt as to the material facts" will not withstand a motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Pyramid Sec., Ltd. v IB Resolution, Inc.*, 924 F.2d 1114, 1116 (D.C. Cir. 1991) (citation omitted) (remarking "a mere scintilla" of evidence in nonmovant's favor will not defeat summary judgment). As a result, if the nonmovant "after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be awarded to the movant. *Celotex*, 477 U.S. at 323.

**III.    Defendants' Motions for Summary Judgment Must be Denied as Genuine Issues of Material Fact Remain Unresolved**

Plaintiffs allege that each Defendant caused the fire at Mrs. Bernstein's residence by negligently installing or servicing Mrs. Bernstein's dishwasher. (Pls.' Compl. at 5-7.) Plaintiffs further contend that such negligence violates Defendants' assurances to "perform its work in a professional and safe manner, consistent with the standards of the construction industry," violating implied warranties or contracts with Mrs. Bernstein. (*Id.* at 8-11.) Although only one entity actually connected the dishwasher to the power supply, Plaintiffs may "assert alternative theories of recovery under the liberal pleading policy embraced by the Federal Rules of Civil Procedure." *Wright v. Herman*, 230 F.R.D. 1, 9 (D.D.C. 2005). Here, Plaintiffs present plausible claims connecting each Defendant to the installation or servicing of the dishwasher and the subsequent fire. As stated in *Anderson*, this Court must accept this evidence presented by Plaintiffs as correct. Therefore, the Court denies Defendants' motions for summary judgment.

### A. Landis

Plaintiffs concede that Mrs. Bernstein's contract with Landis excluded any electrical work. (Pls.' Opp'n to Landis at 2-3.) Landis contends this lack of contractual duty demonstrates that none of its representatives installed the dishwasher and that Mr. Scuderi, the electrician of record, should bear the blame for the fire. (Landis Mot. at 11-12.) However, Mr. Scuderi stated he found the dishwasher already connected to the power source when he arrived at Mrs. Bernstein's home. (Pls' Opp'n to Landis, Ex. 1 [Dep. of Scuderi] at 45.) According to Mr. Scuderi, "it is customary that appliances like this can be installed and wired by someone else working on the job." (*Id.* at 46.) As highlighted by Plaintiffs, if Mr. Scuderi did not install the dishwasher, the only other contracted laborers at Mrs. Bernstein's home worked for Landis. (Pls.' Opp'n to Landis at 8.) While Landis policy purportedly discourages employees from engaging in tasks outside of a site's contract, (Landis Mot., Ex. I at 63), discovery may confirm whether Landis employees followed that policy or completed the installation of the dishwasher. Landis's project manager agreed that connecting a dishwasher is not a difficult job and could be completed by a someone besides an electrician. (Pls.' Opp'n to Landis, Ex. 2 [Dep. of Kerr] at 68.) At this stage this Court owes the non-movant Plaintiffs all justifiable inferences based on their evidence and therefore a genuine issue of material facts currently exists regarding Landis's participation in the installation of the dishwasher and its responsibility for the fire.

### B. Mr. Scuderi

Mr. Scuderi asserts that the Plaintiffs' connection between his work and the fire is too tenuous to withstand summary judgment. To bolster his position, Mr. Scuderi emphasizes the multiple mechanical problems exhibited by the dishwasher between the time of his work and the

fire. (S & W Mot. at 11-12.) Additionally, Mr. Scuderi points out that the dishwasher received service at least once after he completed his work. (*Id.* at 12.) As a result of this "temporal gap," Defendants contend that "[t]here is no affirmative, legally relevant evidence . . . which in any way implicates Scuderi as a cause of the fire." (*Id.* at 11.)

However, the fact that other persons may have contributed to the negligent installation, if there was any negligence in the installation, does not in and of itself absolve Mr. Scuderi of negligence. It is uncontested that Mr. Scuderi's estimate for the renovation included a charge to "[r]ewire DW in existing location." (S & W Mot., Ex. 2.) It is similarly uncontested that Mr. Scuderi received $60 for his work on the dishwasher. (S & W Mot. at 12 n.5; Pls.' Opp'n to S & W at 19.) While Mr. Scuderi contends this charge covered other work done to the dishwasher he also stated that he "was contracted to make a *final* connection, electrical connection, on the dishwasher." (Pls.' Opp'n to S & W, Ex. 3 [Dep. Of Scuderi] at 27) (emphasis added). This acknowledgment of responsibility by Mr Scuderi is underscored by his co-defendant, who declared that the contractors expected Mr. Scuderi to complete any electrical connection to the dishwasher. (Landis Mot., Ex. I at 26-27.) The Court notes that none of the facts relied on by the parties in their memoranda in support of and in opposition to the motions for summary judgment lead ineluctably to the cause of the fire. That Mr. Scuderi was hired to connect the dishwasher to the power source is not disputed. The critical facts of causation remain disputed and cannot support the granting of a summary judgment motion. *Anderson*, 447 U.S. at 248. Consequently, Defendant Scuderi's motion for summary judgment is denied.

    **C.**    **Wuerstlin**

Plaintiffs allege that Wuerstlin either created or perpetuated a faulty connection between

the dishwasher and the power source during the August 2004 service work. (Pls. Opp'n to S & W at 3.) Plaintiffs contend that Wuerstlin's warranty work represented the last service performed on the dishwasher before the fire. (*Id*. at 21-22.) As evidence of Wuerstlin's culpability, Plaintiffs focus on the information concerning the type of wire found in the dishwasher. It is uncontested that Mr. Scuderi used "BX" wire during his work on the dishwasher. (S & W Mot. at 4.; Pls.' Opp'n to S & W at 4.) However, Plaintiffs' fire expert concluded that "ROMEX" wiring produced the heat that caused the fire. (S & W Mot., Ex. 18 at 211-212, 218-220.) If Wuerstlin performed the only service work between Mr. Scuderi's work and the fire, then Wuerstlin may be responsible for the wiring implicated in the fire.

In its motion, Wuerstlin responds that the motor replacement would not normally affect the wiring of the dishwasher. (S & W Mot. at 9.) Moreover, Defendants' electrical experts suggest that a product defect within the dishwasher started the fire. (Pls.' Opp'n to S & W at 17.) However, the technician who performed the work did not recollect the visit to Mrs. Bernstein's house and based his answers on how the repair *should* have been completed. (S & W Mot., Ex. 14 at 119-20) (emphasis added). Defendants' contentions regarding product defects only further demonstrate that genuine issues exist concerning the origins of the fire. As stated by Wuerstlin, "[i]n negligence cases, the question of proximate cause is usually on[e] of fact for the jury." (S & W Mot. at 15.) This Court agrees and denies Defendant Wuerstlin's motion for summary judgment.

Here, two of the three Defendants concede that "the exact cause of the fire and its relationship and origin to the components of the dishwasher are disputed." (S & W Mot. at 2.) Thus, after giving Plaintiffs all justifiable inferences and accepting the materials submitted by

8

Plaintiffs as true, the Court must deny all three Defendants' motions for summary judgment. Plaintiffs have demonstrated that disputes exist over the most central issues of this case. Specifically, genuine issues of material fact exist concerning which contractor completed the electrical connection to the dishwasher and whether the installation or servicing of the dishwasher caused the fire. Each of these issues alone could affect the outcome of the suit and cause a jury to return a verdict for the Plaintiffs. Thus, Plaintiffs raise much more than a "metaphysical doubt" as to which party connected the dishwasher and what caused the fire. By failing to demonstrate the absence of a genuine issue of material fact, each Defendant fails to meet their initial burden under *Celotex* and summary judgment must be denied.[5] Accordingly, it is this 16th day of July, 2008,

ORDERED that Defendant Landis Construction Corporation's Motion for Summary Judgment [53] be and hereby is denied, and it is further

ORDERED that Defendants Paul A. Scuderi and Weurstlin Appliance Services's Joint Motion for Summary Judgment [54] be and hereby is denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[5] In their replies [60, 61, 62], the Defendants assert that Plaintiffs have not demonstrated that one or more of the Defendants caused the fire and the resulting damage but this burden shifting is inappropriate in the context of *Defendants'* motions for summary judgment. These issues of material fact will be considered by the jury at trial.